## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| NEW BALANCE ATHLETICS, INC., | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. _____ |
| USA NEW BUNREN INTERNATIONAL CO. LIMITED LLC, | ) **JURY TRIAL DEMANDED** |
| Defendant. | ) |

## COMPLAINT

Plaintiff New Balance Athletics, Inc. ("New Balance"), for its Complaint against Defendant USA New Bunren International Co. Limited LLC ("Defendant"), alleges as follows:

## THE PARTIES

1. New Balance is a Massachusetts corporation with its principal place of business at 100 Guest Street, Boston, Massachusetts, 02135.

2. On information and belief, Defendant is a Delaware limited liability company with its principal place of business at 3112 Somerset Trace, Birmingham, Alabama, 35242.

## JURISDICTION AND VENUE

3. This Court has subject-matter jurisdiction over New Balance's federal claims pursuant to 28 U.S.C. §§ 1331, 1338 and 15 U.S.C. § 1121.

4. This Court has supplemental jurisdiction over New Balance's claims arising under Delaware state law pursuant to 28 U.S.C. § 1367(a) because those claims are so related to New Balance's federal claims that they form part of the same case or controversy and derive from a common nucleus of operative fact.

5. This Court has personal jurisdiction over Defendant because Defendant is incorporated in Delaware, and, on information and belief, carries on substantial and continuous business activities in Delaware.

6. Venue is proper in this District under 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

### New Balance and Its Famous Trademarks

7. New Balance is a private company founded in 1906. Today, it is one of the largest shoe and athletic apparel manufacturers in the world, with over 4,000 employees and more than $2 billion in annual sales worldwide in 2016. It is the only major company that manufactures athletic footwear in factories located within the United States.

8. Since its earliest days, New Balance has focused on fit and authenticity as its core brand messaging. New Balance is one of few sneaker manufacturers that make shoes in true-width sizing, rather than the more common "narrow" and "wide" sizes. Owing to the quality of its products, New Balance has achieved significant brand loyalty among customers in the marketplace. Indeed, New Balance won the No. 1 Customer Loyalty Award in the athletic footwear category for eight consecutive years from Brand Keys, an independent group that recognizes brands that are best able to engage consumers and create loyal customers.

9. New Balance has designed and developed numerous well-recognized and even iconic shoe designs and models, and related apparel, and has sold hundreds of millions of pairs of shoes and clothing items worldwide, representing many billions of dollars in sales.

10. Since as early as 1951, New Balance has adopted and used in U.S. commerce, including in Delaware, a family of NEW BALANCE trademarks in connection with (among other things) footwear and apparel.

11. Since as early as January 1, 1974, New Balance has adopted and used in U.S. commerce, including in Delaware, a family of iconic trademarks featuring a stylized letter "N" and design on its own or in combination with other elements, including a similarly stylized letter "B,"—displayed as "NB"—in connection with (among other things) footwear and apparel (collectively, the "N Marks").

12. New Balance's NEW BALANCE and N Marks are referred to collectively hereafter as "The New Balance Marks."

13. Below are examples of New Balance footwear and apparel bearing some of The New Balance Marks:



14. New Balance owns the following U.S. trademark registrations (among others) for use in connection with footwear, apparel, and/or related goods and services, all of which are valid and subsisting on the Principal Register of the U.S. Patent and Trademark Office ("PTO"):

| Mark | Reg. No. | Reg. Date | First Use in U.S. Commerce |
|---|---|---|---|
| **NEW BALANCE** | 1,053,241 | Nov. 23, 1976 | Jan. 1, 1951 (Class 25) |
| **NEW BALANCE** | 1,260,938 | Dec. 13, 1983 | Jul. 1, 1977 (Class 18)<br>Mar. 1, 1977 (Class 25) |
| (N logo) | 3,282,106 | Aug. 21, 2007 | Jan. 2, 1977 (Class 25) |
| (N logo) | 4,477,442 | Feb. 4, 2014 | Jan. 1, 1996 (Class 25) |
| (shoe with N) | 1,308,133 | Dec. 4, 1984 | Jan. 2, 1977 (Class 25) |
| (shoe with N) | 1,344,589 | June 25, 1985 | Feb. 1, 1979 (Class 25) |
| (NB logo) | 1,065,726 | May 17, 1977 | Jan. 1, 1974 (Class 25) |
| (NB logo) | 1,260,939 | Dec. 13, 1983 | Jul. 1, 1977 (Class 18)<br>Mar. 1, 1977 (Class 25) |
| (NB logo) | 3,427,255 | May 13, 2008 | Aug. 2, 2007 (Class 18)<br>Aug. 2, 2007 (Class 25) |
| (NB logo) | 3,475,802 | Jul. 29, 2008 | Jan. 2, 2007 (Class 25) |

15. Pursuant to Section 7(b) of the Lanham Act, 15 U.S.C. § 1057(b), New Balance's federal registration certificates are *prima facie* evidence of the validity of the above marks as well as New Balance's ownership and exclusive right to use these marks in connection with the identified goods and services.

16. Of The New Balance Marks shown above, all but Registration No. 4,477,442 (the "'442 Registration") have achieved incontestable status under Section 15 of the Lanham Act, 15

U.S.C. § 1065.

17. New Balance consistently and prominently uses and displays The New Balance Marks in connection with the advertising, promotion, and sale of its goods and services.

18. As a result of New Balance's extensive sales, advertising, and promotion of footwear, apparel, and other goods and services under The New Balance Marks, and through widespread industry acceptance and recognition, the consuming public and the trade have come to recognize The New Balance Marks as identifying a single source of high-quality products and services.

19. The New Balance Marks have become famous and are assets of incalculable value as a symbol of New Balance, its quality products and services, and its goodwill.

### Defendant's Infringing Marks

20. Upon information and belief, Defendant is the wholly owned subsidiary of a Chinese company whose name translates to "New Balance (China) Sporting Goods Co., Ltd.," which was formed in 2012.

21. Long after The New Balance Marks had become famous in the United States, Defendant adopted several confusingly similar marks in an obvious attempt to ride on the coattails of New Balance's fame and to improperly trade on the goodwill that New Balance had worked so hard to build in its distinctive brand.

22. For example, Defendant began using the mark "NEW BUNREN" in connection with, among other things, footwear and apparel.

23. Upon information and belief, Defendant focuses its marketing and promotion of products under the NEW BUNREN mark to Chinese-speaking consumers, among others, in the United States. Upon information and belief, the Chinese pronunciation of "NEW BUNREN" is

highly similar to the Chinese pronunciation of "NEW BALANCE," making Defendant's NEW BUNREN mark confusingly similar to the NEW BALANCE mark particularly among Chinese-speaking consumers in the United States.

24. Moreover, upon information and belief, the Chinese characters Defendant uses to spell "NEW BUNREN," and which make up a portion of Defendant's design mark covered by U.S. Reg. No. 5,055,943 are *identical* to the Chinese characters used to spell "NEW BALANCE," as shown below:

| | |
|---|---|
| **"NEW BUNREN" in Chinese** | 新百伦 |
| **"NEW BALANCE" in Chinese** | 新百伦 |

25. In a further display of bad faith, Defendant also adopted a series of "N" marks, consisting of a capitalized letter "N" in block font that is virtually identical to New Balance's N mark, for use in connection with, among other things, footwear and apparel.

26. Defendant's NEW BUNREN and N marks are referred to collectively hereafter as "The Accused Marks."

27. Upon information and belief, Defendant has used The Accused Marks in U.S. commerce in connection with its marketing and sale of footwear and apparel, including on its website at http://www.new-bunren.com (the archived front page of which is shown below) and in advertising at U.S. sporting events.



28. Defendant has obtained the U.S. registrations listed below for its "NEW BUNREN" and "N" marks. New Balance has initiated cancellation proceedings against these registrations at the Trademark Trial and Appeal Board, which are currently pending (*see* Cancellation Nos. 92065202, 92065204).

| Mark | Reg. No. | Reg. Date | First Use in U.S. Commerce |
| --- | --- | --- | --- |
| **NEW BUNREN** | 4,568,883 | Jul. 15, 2014 | Mar. 1, 2014 (Class 25) |
| New bunren 新百伦 | 5,055,943 | Oct. 4, 2016 | Mar. 1, 2016 (Class 25) |
| N | 4,580,787 | Aug. 5, 2014 | Mar. 1, 2014 (Class 25) |
| N | 4,585,058 | Aug. 12, 2014 | Mar. 1, 2014 (Class 25) |
| N | 4,860,914 | Nov. 24, 2015 | Jul. 1, 2015 (Class 25) |
| N | 4,878,478 | Dec. 29, 2015 | Jul. 1, 2015 (Class 25) |

29. Upon information and belief, in an effort to confuse consumers and trade off of New Balance's fame, Defendant has referred to itself as "New Balance (China) Sports Goods Co., Ltd." on its own website. *See* Ex. A. At no time has Defendant been affiliated in any way with New Balance, and at no time did New Balance authorize Defendant to hold itself out as being affiliated with New Balance.

30. In a further effort to draw an association with New Balance, Defendant has displayed "American Classic" on its website (as depicted above), notwithstanding the fact that the New Bunren brand is neither American nor "classic," as it was established in 2012, and, upon information and belief, is virtually unknown in the United States.

31. In an additional showing of bad faith, upon information and belief, Defendant falsely stated on its website that the New Bunren brand originated in the United States and described the brand as an American company, even going so far as to mimic aspects of New Balance's brand story, including, but not limited to, falsely claiming that New Bunren started in 1906, the year New Balance was founded.

32. At the time it adopted, first used, and filed its applications to register The Accused Marks, Defendant had constructive knowledge of New Balance's rights in all The New Balance Marks except for the '442 Registration (which issued later), and, upon information and belief, had actual knowledge of New Balance's use of The New Balance Marks.

33. New Balance's rights in The New Balance Marks (except its rights reflected in the '442 Registration) predate Defendant's use of The Accused Marks.

34. The Accused Marks are confusingly similar in sight and commercial impression to The New Balance Marks, as depicted below:



| Representative New Balance Marks | Representative Accused Marks |
|---|---|
| | |
| | |

35. On information and belief, the Accused Marks are confusingly similar in sound to The New Balance Marks, especially when pronounced by native Chinese speakers.

36. The goods offered under The New Balance Marks are directly competitive with or at least highly related to the goods offered under The Accused Marks.

37. New Balance did not authorize Defendant's use of The Accused Marks.

38. The Accused Marks so closely resemble The New Balance Marks that, when used in connection with Defendant's goods, they are likely to cause confusion, mistake or deception of the relevant trade and public. Consumers will likely believe that Defendant's goods are in some way associated with or connected with, or approved or authorized by New Balance, when this is not the case.

39. Defendant's "N" marks are counterfeits of New Balance's genuine n marks, as defined in 15 U.S.C. § 1116(d).

40. The Accused Marks so closely resemble The New Balance Marks that, when used

in connection with Defendant's goods, they are likely to cause dilution by blurring of the famous New Balance Marks. Due to the close similarity between The New Balance Marks and The Accused Marks, consumers will likely associate Defendant and/or Defendant's goods with New Balance and/or New Balance's goods, which will impair the distinctiveness of the famous New Balance Marks.

## COUNT I
### Infringement of Federally Registered Trademark
### (Lanham Act § 32(1), 15 U.S.C. § 1114(1))

41. New Balance incorporates the preceding paragraphs as if fully set forth herein.

42. New Balance owns valid and existing rights in The New Balance Marks.

43. Defendant uses in interstate commerce colorable imitations and/or counterfeits of The New Balance Marks in connection with Defendant's promotion and sale of its footwear and apparel products.

44. Defendant's unauthorized use or colorable imitation of The New Balance Marks is likely to cause confusion and mistake among consumers and others as to the source, origin or sponsorship of Defendant's products sold under The Accused Marks.

45. Defendant's unauthorized imitation of The New Balance Marks in interstate commerce constitutes trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

46. Defendant's unauthorized imitation of The New Balance Marks is a knowing, willful, and intentional violation of New Balance's rights.

47. Defendant's infringement diminishes the value of New Balance's marks, goodwill, and business reputation. Further, Defendant's infringement, unless restrained, will cause great and irreparable injury to New Balance and to the recognition and goodwill

represented by The New Balance Marks, in an amount that cannot be ascertained at this time, leaving New Balance with no adequate remedy at law.

48. By reason of the foregoing, New Balance is entitled to injunctive relief restraining Defendant from any further infringement of The New Balance Marks, and also is entitled to recover Defendant's profits, actual damages, enhanced profits and damages (including trebling), costs, reasonable attorneys' fees, interest, and/or statutory damages under 15 U.S.C. §§ 1114, 1116, and 1117.

## COUNT II
### Trademark Dilution
### (Lanham Act § 43(c), 15 U.S.C. § 1125(c))

49. New Balance incorporates the preceding paragraphs as if fully set forth herein.

50. New Balance owns valid and existing rights in The New Balance Marks.

51. Through continued use, product promotion, and consumer and industry recognition, New Balance has developed The New Balance Marks to the point that they are famous. After The New Balance Marks became famous, Defendant began using (and is still using) The Accused Marks on its similar footwear and apparel products. In so doing, Defendant is improperly creating a false association between its products and The New Balance Marks.

52. This association is likely to cause a dilution of the strong goodwill that New Balance has built in The New Balance Marks, in violation of 15 U.S.C. § 1125(c).

53. As a result of Defendant's wrongful conduct, New Balance has been damaged and will continue to be damaged in an amount to be determined at trial.

54. Defendant's unauthorized use or confusing imitation of The New Balance Marks is knowing and willful and with the intent to trade on the goodwill New Balance has established in The New Balance Marks.

55. Unless enjoined, Defendant's behavior will continue and will cause New Balance to suffer irreparable harm for which there is no adequate remedy at law. New Balance is therefore entitled to injunctive relief.

## COUNT III
### False Designation of Origin
### (Lanham Act § 43(a), 15 U.S.C. § 1125(a))

56. New Balance incorporates the preceding paragraphs as if fully set forth herein.

57. New Balance uses and owns The New Balance Marks in connection with its sale of, among other things, footwear and apparel products. The New Balance Marks are inherently distinctive and have also acquired secondary meaning as a designation of source for New Balance.

58. In connection with its promotion and sale of its own footwear and apparel products, Defendant uses in interstate commerce The Accused Marks. Defendant's use of The Accused Marks is likely to cause confusion and mistake and to deceive consumers and others as to the origin, sponsorship or affiliation of the parties' products. Consumers seeing footwear and apparel sold under The Accused Marks in the marketplace are likely to believe those products are sponsored by, associated with or otherwise affiliated with New Balance.

59. Defendant's use of The Accused Marks constitutes false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

60. Defendant's use of The Accused Marks is a knowing, willful, and intentional violation of New Balance's rights.

61. Defendant's act of false designation of origin, unless restrained, will cause great and irreparable harm to New Balance and to the business goodwill represented by The New Balance Marks, in an amount that cannot be ascertained at this time, leaving New Balance with

no adequate remedy at law.

62. By reason of the foregoing, New Balance is entitled to injunctive relief against Defendant, restraining it from any further acts of false designation of origin, and is also entitled to recovery of Defendant's profits, actual damages, enhanced profits and damages (including trebling), costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1116, 1117, and 1125.

## COUNT IV
### Trademark Dilution under Delaware Law
### (6 Del. C. § 3313)

63. New Balance incorporates the preceding paragraphs as if fully set forth herein.

64. New Balance owns valid and existing rights in The New Balance Marks.

65. Defendant's unauthorized use or confusing imitation of The New Balance Marks is likely to injure New Balance's business reputation and has diluted, or is likely to dilute, the distinctive quality of The New Balance Marks in violation of the Delaware Trademark Act, 6 Del. C. § 3313.

66. Defendant intended to trade on New Balance's reputation and to dilute The New Balance Marks, or acted with reason to know or was willfully blind as to the consequences of its actions.

67. Defendant's wrongful acts have caused and will continue to cause New Balance irreparable harm. New Balance has no adequate remedy at law for Defendant's violations.

68. New Balance is entitled to a judgment enjoining and restraining Defendant from engaging in further acts of injury to New Balance's business reputation or dilution.

## COUNT V
### Deceptive Trade Practices under Delaware Law
### (6 Del. C. § 2532)

69. New Balance incorporates the preceding paragraphs as if fully set forth herein.

70. Defendant's actions, as described above, constitute deceptive trade practices because such actions, *inter alia*, (a) constitute passing off of Defendant's goods and services as those of New Balance; (b) create a likelihood of confusion or misunderstanding as to the source, sponsorship, approval or certification of Defendant's goods and services; and (c) create a likelihood of confusion or misunderstanding as to Defendant's affiliation, connection or association with or certification by New Balance, in violation of 6 Del. C. § 2532.

71. New Balance has been damaged and will continue to be damaged by Defendant's deceptive trade practices and is entitled to treble damages and attorneys' fees pursuant to 6 Del. C. § 2533.

## COUNT VI
**Delaware Common Law Trademark Infringement and Unfair Competition**

72. New Balance incorporates the preceding paragraphs as if fully set forth herein.

73. New Balance owns and enjoys common-law rights in Delaware and throughout the United States in The New Balance Marks for use in connection with (among other things) footwear and apparel, which are superior to any rights that Defendant may claim in The Accused Marks in any form or style with respect to the provision and sale of (*inter alia*) footwear and apparel.

74. Defendant's marketing, promotion, offering for sale, and sale of goods under The Accused Marks constitute trademark infringement and unfair competition under the common law of the State of Delaware.

75. As a result of Defendant's conduct, the public is likely to believe that Defendant's goods have originated from and/or have been approved by New Balance, when they have not.

76. Defendant's unauthorized use or confusing imitation of The New Balance Marks in connection with the promotion and sale of its footwear and apparel products is a knowing,

willful, and intentional violation of New Balance's common-law rights, demonstrating bad-faith intent to trade on the goodwill associated with The New Balance Marks.

77. Defendant's actions, if not restrained, will cause irreparable injury to New Balance. In addition, Defendant's actions will cause New Balance to lose income, profits, and goodwill while Defendant acquires income, profits, and goodwill. This infringement diminishes the value of New Balance's marks, goodwill, and business reputation.

78. By reason of the foregoing, New Balance is entitled to injunctive relief; damages, including but not limited to Defendant's profits, actual damages suffered by New Balance, and punitive damages; and attorneys' fees, costs, and interest.

## COUNT VII
### Delaware Common Law Unjust Enrichment

79. New Balance incorporates the preceding paragraphs as if fully set forth herein.

80. Benefits have been conferred upon Defendant by its unauthorized use or confusing imitation of The New Balance Marks, and New Balance has been harmed to a commensurate degree.

81. Defendant has appreciated, accepted, and retained these benefits.

82. It is inequitable for Defendant to retain these benefits without the payment of value to New Balance.

83. Defendant has been unjustly enriched at the expense of New Balance.

84. Defendant's activities described above constitute unjust enrichment under the common law of the State of Delaware.

## PRAYER FOR RELIEF

WHEREFORE, New Balance requests that this Court:

A. Enter a judgment that Defendant is liable to New Balance for infringement and

false designation of origin under 15 U.S.C. §§ 1114(1) and 1125(a);

B.  Enter a judgment that Defendant is liable to New Balance for dilution under 15 U.S.C. § 1125(c);

C.  Enter a preliminary and permanent injunction enjoining Defendant and its agents, representatives, employees, assigns, and all persons acting in concert or privity with it, from maintaining, disseminating, reproducing, promoting, distributing or otherwise using The Accused Marks or any marks confusingly similar thereto, as all or part of any mark, product, product packaging, configuration, or design;

D.  Enter a preliminary and permanent injunction enjoining Defendant and its agents, representatives, employees, assigns, and all persons acting in concert or privity with it, from doing any act or thing likely to induce the mistaken belief that Defendant's goods are in any way affiliated, connected or associated with New Balance or its goods, or from doing any other act or thing likely to cause confusion with respect to The New Balance Marks;

E.  Enter a judgment that Defendant's trademark infringement, false designation of origin, dilution, deceptive trade practices, and unfair competition have been willful;

F.  Order Defendant to deliver to New Balance or to the Court for destruction all materials bearing The Accused Marks or colorable imitations of The New Balance Marks;

G.  Order Defendant to file and serve a report in writing, and under oath, setting forth the manner and form in which it has complied with the Court's order and injunction;

H.  Order Defendant to pay New Balance any damages attributable to Defendant's infringement, false designation of origin, dilution, deceptive trade practices, unfair competition, and unjust enrichment and to account for all gains, profits, and advantages derived therefrom, and such damages authorized by law, including under 15 U.S.C. § 1117;

I. Enter an order awarding New Balance its actual damages and/or Defendant's profits, trebled pursuant to 15 U.S.C. § 1117(b), or, in the alternative, awarding New Balance statutory damages pursuant to 15 U.S.C. § 1117(c) for each counterfeit mark;

J. Order Defendant to pay New Balance its attorneys' fees pursuant to 15 U.S.C. § 1117;

K. Enter an order pursuant to 15 U.S.C. § 1116(d)(1)(A) impounding all counterfeit and infringing merchandise and materials bearing any of Defendant's "N" marks;

L. Enter judgment that Defendant's acts constitute dilution in violation of 6 Del. C. § 3313;

M. Enter judgment that Defendant's acts constitute deceptive trade practices in violation of 6 Del. C. § 2532 and unfair competition under Delaware common law;

N. Enter a judgment that Defendant's acts in violation of 6 Del. C. § 2532 have been willful;

O. Enter a preliminary and permanent injunction enjoining Defendant and its agents, representatives, employees, assigns, and all persons acting in concert or privity with it, from engaging in conduct that constitutes dilution under 6 Del. C. § 3313, deceptive trade practices under 6 Del. C. § 2532 or unfair competition under Delaware common law;

P. Declare this to be an exceptional case and award New Balance its attorneys' fees and costs pursuant to 6 Del. C. § 2533;

Q. Award New Balance its costs, pre-judgment interest, and post-judgment interest; and

R. Award New Balance such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff New Balance Athletics, Inc. demands a jury trial for all issues so triable.

        */s/ Arthur G. Connolly III*
Arthur G. Connolly III (#2667)
Ryan P. Newell (#4744)
Mary I. Akhimien (#5448)
Connolly Gallagher LLP
1000 West Street, Suite 1400
Wilmington, DE 19801
T: (302) 757.7300
F: (302) 757.7299
aconnolly@connollygallagher.com
rnewell@connollygallagher.com
makhimien@connollygallagher.com

*Attorneys for Plaintiff*

OF COUNSEL:

Thomas L. Holt (*PHV Pending*)
Jeremy L. Buxbaum (*PHV Pending*)
Caroline A. Teichner (*PHV Pending*)
PERKINS COIE LLP
131 South Dearborn Street
Suite 1700
Chicago, Illinois 60603
T: (312) 324.8400
F: (312) 324.9400
THolt@perkinscoie.com
JBuxbaum@perkinscoie.com
CTeichner@perkinscoie.com

Dated: November 22, 2017