**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| NEW BALANCE ATHLETICS, INC., | ) ) ) | |
| *Plaintiff*, | ) ) | **Civil Action No. 1:17-cv-1700-VAC-SRF** |
| v. | ) ) | |
| USA NEW BUNREN INTERNATIONAL CO., LIMITED, LLC, | ) ) ) | **JURY TRIAL DEMANDED** |
| *Defendant*. | ) ) | |

## DEFENDANT USA NEW BUNREN INTERNATIONAL CO. LIMITED LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, USA New Bunren International Co. Limited LLC ("Defendant") hereby sets forth its Answer to Plaintiff New Balance Athletics, Inc.'s ("Plaintiff") Complaint. The numbered paragraphs of this Answer correspond to the numbered paragraphs of Plaintiff's Complaint.

## THE PARTIES

1.      Admitted.

2.      Admitted.

## JURISDICTION AND VENUE

3.      Defendant admits that this Court has subject matter jurisdiction over the federal law claims asserted in the Complaint under 28 U.S.C. §§ 1331, 1338 and 15 U.S.C. § 1121, but denies that any grounds exist for such claims.

4.      Defendant denies that this Court has supplemental jurisdiction over the claims arising under Delaware state law, as no grounds for such federal claims exist.

5.      Admitted.

6.      Defendant denies that venue in proper in this District.

## FACTUAL ALLEGATIONS

### New Balance and Its Famous Trademarks

7.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint, and on that basis denies these allegations.

8.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint, and on that basis denies these allegations.

9.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint, and on that basis denies these allegations.

10.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint, and on that basis denies these allegations.

11.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint, and on that basis denies these allegations.

12.     Admitted.

13.     Admitted.

14.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint, and on that basis denies these allegations.

15.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint, and on that basis denies these allegations.

16.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint, and on that basis denies these allegations.

17.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Complaint, and on that basis denies these allegations.

18.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Complaint, and on that basis denies these allegations.

19.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Complaint, and on that basis denies these allegations.

### Defendant's Infringing Marks

20.     Denied.

21.     Denied.

22.     Defendant admits it began using the mark "NEW BUNREN" in connection with, among other things, footwear and apparel. Except as so admitted, the remaining allegations in paragraph 22 are denied.

23.     Denied.

24.    Defendant admits that the Chinese characters making up a portion of the design mark covered by U.S. Reg. No. 5,055,943 is spelled as "新百伦." Except as so admitted, the remaining allegations in paragraph 24 are denied.

25.    Defendant admits that it adopted a series of "N" marks for use in connection with, among other things, footwear and apparel. Except as so admitted, the remaining allegations in paragraph 25 are denied.

26.    Admitted.

27.    Defendant admits that it marketed footwear and apparel on its website at http://www.new-bunren.com.  Except as so admitted, the remaining allegations in paragraph 27 are denied.

28.    Admitted.

29.    Defendant admits that the name "New Balance (China) Sport Goods Co., Ltd." was displayed on its website at http://www.new-bunren.com. Except as so admitted, the remaining allegations in paragraph 29 are denied.

30.    Defendant admits that the "American Classic" was displayed on its website at http://www.new-bunren.com. Except as so admitted, the remaining allegations in paragraph 30 are denied.

31.    Denied.

32.    Denied.

33.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 of the Complaint, and on that basis denies these allegations.

34.    Denied.

35.     Denied.

36.     Denied.

37.     Admitted.

38.     Denied.

39.     Denied.

40.     Denied.

## COUNT I
### Infringement of Federally Registered Trademark
### (Lanham Act § 32(a), 15 U.S.C. § 1114(1))

41.     Defendant repeats and realleges its responses to each and every allegation set forth above.

42.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42 of the Complaint, and on that basis denies these allegations.

43.     Denied.

44.     Denied.

45.     Denied.

46.     Denied.

47.     Denied.

48.     Denied.

## COUNT II
### Trademark Dilution
### (Lanham Act § 43(c), 15 U.S.C. § 1125(c))

49.     Defendant repeats and realleges its responses to each and every allegation set forth above.

50.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 50 of the Complaint, and on that basis denies these allegations.

51.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of whether through continued use, product promotion, and consumer and industry recognition, if New Balance has developed The New Balance Marks to the point that they are famous, and on that basis denies these allegations. As to the remaining allegations in paragraph 51, Defendant denies these allegations.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Denied.

## COUNT III
### False Designation of Origin
### (Lanham Act § 43(a), 15 U.S.C. § 1125(a))

56.     Defendant repeats and realleges its responses to each and every allegation set forth above.

57.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 57 of the Complaint, and on that basis denies these allegations.

58.     Defendant admits that it uses The Accused Marks in connection with its promotion of its own footwear and apparel products. Except as so admitted, the remaining allegations in paragraph 58 are denied.

59.     Denied.

60.     Denied.

61.     Denied.

62.     Denied.

## COUNT IV
### Trademark Dilution under Delaware Law
### (6 Del. C. § 3313)

63.     Defendant repeats and realleges its responses to each and every allegation set forth above.

64.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 64 of the Complaint, and on that basis denies these allegations.

65.     Denied.

66.     Denied.

67.     Denied.

68.     Denied.

## COUNT V
### Deceptive Trade Practices under Delaware Law
### (6 Del. C. § 2532)

69.     Defendant repeats and realleges its responses to each and every allegation set forth above.

70.     Denied.

71.     Denied.

## COUNT VI
### Delaware Common Law Trademark Infringement and Unfair Competition

72.     Defendant repeats and realleges its responses to each and every allegation set forth above.

73.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 73 of the Complaint, and on that basis denies these allegations.

74.     Denied.

75.     Denied.

76.     Denied.

77.     Denied.

78.     Denied.

<u>**COUNT VII**</u>
**Delaware Common Law Unjust Enrichment**

79.     Defendant repeats and realleges its responses to each and every allegation set forth above.

80.     Denied.

81.     Denied.

82.     Denied.

83.     Denied.

84.     Denied.

<u>**AFFIRMATIVE DEFENSES**</u>

Reserving the right to add additional affirmative defenses, and to assert other defenses, which become known through investigation, discovery, or other proceedings, in this matter, Defendant hereby asserts and interposes the following affirmative defenses without any admission as to burden of proof:

## FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by laches, in that Plaintiff has unreasonably delayed efforts to enforce its rights, if any, despite its full awareness of Defendant's actions.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part under the doctrine of estoppel, waiver, and acquiescence.

## FOURTH AFFIRMATIVE DEFENSE

Defendant has not infringed any applicable trademarks under federal or state law.

## FIFTH AFFIRMATIVE DEFENSE

Without admitting that the Complaint states a claim, there has been no damage in any amount, manner, or at all by reasons of any act alleged against Defendant in the Complaint, and therefore the relief sought by Plaintiff cannot be granted.

## PRAYER FOR RELIEF

WHEREFORE, Defendant demands judgment against Plaintiff as follows:

(a)     that the Complaint be dismissed with prejudice, that all of Plaintiff's requests for relief be denied and that judgment be entered in favor of Defendant and against Plaintiff on all claims;

(b)     that the Court awards Defendant its costs and disbursements in connection with this lawsuit, including its reasonable attorneys' fees; and

(c)     that the Court awards Defendant any further and additional relief as this Court deems just and proper.

Dated:  <u>February 23, 2018</u>          **PANITCH SCHWARZE BELISARIO & NADEL, LLP**

OF COUNSEL:          By: <u>*/s/ Dennis J. Butler*</u>

          Dennis J. Butler (Bar No. 5981)

Timothy T. Wang (admitted *pro hac vice*)    John D. Simmons (Bar No. 5996)

**NI, WANG & MASSAND, PLLC**    Wells Fargo Tower

8140 Walnut Hill Ln., Ste. 500    2200 Concord Pike, Suite 201

Dallas, TX 75231    Wilmington, DE 19803

Tel: (972) 331-4600    Telephone: (302) 394-6030

Fax: (972) 314-0900    dbutler@panitchlaw.com

twang@nilawfirm.com    jsimmons@panitchlaw.com

*Attorneys For Defendant, USA New Bunren International Co. Limited LLC*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of Defendant, USA New Bunren International Co. Limited LLC's Answer to Plaintiff's Complaint was served by e-mail and through the CM/ECF system on this 23rd day of February, 2018, on all counsel of record on the service list below.

**Connolly Gallagher LLP**
Arthur G. Connolly, III
Mary I. Akhimien
Ryan Patrick Newell
aconnolly@connollygallagher.com
makhimien@connollygallagher.com
rnewell@connollygallaher.com

And

**Perking Coie LLP**
Caroline A Teichner
Jeremy Buxbaum
Thomas L. Holt
CTeichner@perkinscoie.com
JBuxbaum@perkinscoie.com
THolt@perkinscoie.com

*Attorneys for Plaintiff, New Balance Athletics, Inc.*

/s/ Dennis J. Butler
Dennis J. Butler