IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NEW BALANCE ATHLETICS, INC., <br><br> PLAINTIFF, <br><br> v. <br><br> USA NEW BUNREN INTERNATIONAL CO. LIMITED LLC, <br><br> DEFENDANT. | C.A. No. 1:17-cv-1700-MN <br><br> Honorable Maryellen Noreika |

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PARTIAL
RECONSIDERATION PURSUANT TO FED. R. CIV. P. 59(e)

Defendant, USA New Bunren International Co. Limited LLC ("Defendant" or "New Bunren") files this Memorandum in Support of its Motion for Partial Reconsideration Pursuant to Fed. R. Civ. P. 59(e) of this Court's Order (D.I. 74) partially granting Plaintiff New Balance Athletics, Inc.'s ("Plaintiff") Motion for Summary Judgment (D.I. 58) and the related Memorandum Opinion (D.I. 73). Defendant requests reconsideration of the Court's grant of statutory damages under 15 U.S.C. § 1117(c)(1). D.I. 74 at ¶4.

I.   NATURE AND STAGE OF PROCEEDINGS

Plaintiff filed this suit against Defendant on November 22, 2017, alleging that Defendant infringes U.S. Trademark Nos. 1,053,241, 1,260,938, 3,282,106, 4,477,442, 1,308,133, 1,344,589, 1,065,726, 1,260,939, 3,427,255, and 3,475,802 (collectively, the "New Balance Marks"). In May, 2018, Plaintiff filed its First Amended Complaint (D.I. 26) asserting trademark infringement of the New Balance Marks under 15 U.S.C. §§ 1114(1), § 1125(c), § 1125(a), dilution under 6. Del. C. § 3313, deceptive trade practices under 6. Del. C. § 2532, common law trademark infringement and unfair competition, unjust enrichment, and for fraudulent registration pursuant to 15 U.S.C. § 1120. The parties completed discovery on March 18, 2019 and this Court's Amended Scheduling Order (D.I. 49) set the deadline for dispositive motions on May 17, 2019. Plaintiff and Defendant

filed competing motions for summary judgement (D.I. 52, D.I. 54, and D.I. 58) for Plaintiff's claims of trademark infringement, trademark dilution, and unfair competition and for statutory damages. On December 4, 2019, this Court entered its Order (D.I. 74) and Memorandum Opinion (D.I. 73) granting summary judgment for Plaintiff on federal trademark infringement under 15 U.S.C. § 1114(1) (Count 1), federal trademark dilution under 15 U.S.C. § 1125(c) (Count 2), false designation of origin under 15 U.S.C. § 1125(a) (Count 3) and for statutory damages under 15 U.S.C. § 1117(c)(1).

**II.    BRIEF SUMMARY**

1. Plaintiff's claims for statutory damages should not have been granted as Defendant did not "sell, offer for sale, or distribute" counterfeit goods or services as mandated by the plain statutory language of 15 U.S.C. § 1117(c)(1).

2. The Order finds that Defendant never sold, offered for sale, or distributed any counterfeit goods or services and at best merely engaged in advertising or promotion.

3. Even if the Court finds liability under 15 U.S.C. §§ 1114 and 1125, no statutory damage is warranted under 15 U.S.C. § 1117(c)(1) because the required acts are different. Liability under 15 U.S.C. §§ 1114 and 1125 should not be conflated with liability for statutory damages under 15 U.S.C. § 1117(c)(1).

**III.   STATEMENT OF FACTS**

The following facts are undisputed and recognized by the Court. Defendant's activities were limited to filing and obtaining the New Bunren Marks registrations with the USPTO. *See* Defendant's Concise Statement of Facts at ¶¶ 3-5 (D.I. 56). Defendant's website http://www.new-bunren.com was designed and managed by Qierte, who hired a web designer in China to design and manage the site. *Id.* at ¶ 6. The website was briefly online between 2015 and 2017. *Id*. Products bearing the New Bunren Marks that Defendant planned to distribute in the U.S. were displayed at the website. *Id*. However, the website included no pricing information or instructions

on how to purchase products. *Id*. Defendant's products bearing the New Bunren marks were never shipped to or sold in any physical stores in U.S. *Id*. Defendant conducted no other business activities related to the New Bunren Marks in the U.S. *Id*.

The Court concludes that Defendant's use of the website could be considered advertisements and promotions that satisfy the "use in commerce" requirement under 15 U.S.C. §§ 1114 and 1125. (D.I. 73 at pgs. 7-8). The Court finds no sale, offer for sale, or distribution of the accused products in the U.S. *See generally* the Order, D.I. 73.

IV.    **ARGUMENTS AND AUTHORITIES**

    a.  **Law Regarding Motions to Reconsider**

While no specific Federal Rule of Civil Procedure authorizes motions to reconsider, courts in this circuit have held that Federal Rule of Civil Procedure 59 allows for reconsideration. *Delong Corp. v. Raymond Int'l, Inc.*, 622 F.2d 1135, 1138 n.2 (3d Cir. 1980) ("It follows, then, that a 52(b) motion for amendment of a district court's findings is not appropriate after its consideration of a motion for summary judgment. Such a motion for reconsideration of an order for summary judgment may, however, be properly considered as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e)"); *see also Venen v. Sweet*, 758 F.2d 117, 122 (3d Cir. 1985) (Holding that "a motion labeled only as a motion for reconsideration as the functional equivalent of a Rule 59 motion"). "The purpose of a motion for reconsideration is 'to correct a manifest error of law or fact or to present newly discovered evidence.'" *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (*citing Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1998)). A motion for reconsideration pursuant to Fed. R. Civ. P. 59(e) may be brought "no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). "A proper Rule 59(e) motion [for reconsideration] therefore must rely on one of three grounds: (1) an intervening change in controlling law; (2) the

availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Lazaridis*, 591 F.3d at 669.

### b. Law Regarding 15 U.S.C. § 1117

Infringement of a trademark is shown where an infringer uses "in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with such use is likely to cause confusion, or to cause mistake, or to deceive". 15 U.S.C. § 1114(1)(a). Similarly, 15 U.S.C. § 1125(a) prohibits using "in commerce any word, term, name, symbol, or device, or any combination thereof . . . which is likely to cause confusion, or to cause mistake, or to deceive". 15 U.S.C. § 1125(a). This Court correctly recognized that "use in commerce" includes "'offer[s] for sale' or 'advertising'" under §§ 1114 and 1125 for purposes of trademark infringement. (D.I. 73 at 7).

Sections 1117(a) and (b) of Title 15 of the United States Code govern damages for cases involving the violation of a party's trademark rights. 15 U.S.C. § 1117. Specifically, 15 U.S.C. § 1117(a) provides for damages in the form of "(1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action." *Id.* at § 1117(a). Section 1117(b) provides that damages pursuant to § 1117(a) may be trebled in cases of counterfeiting. *Id.* at § 1117(b). Conversely, damages under § 1117(c) are specifically limited to statutory damages for counterfeiting. *Id.* at §1117(c). Section 1117(c) provides that

> In a case involving the use of a counterfeit mark (as defined in section 1116(d) of this title) in connection with the sale, offering for sale, or distribution of goods or services, the plaintiff may elect, at any time before final judgment is rendered by the trial court, to recover, instead of actual damages and profits under subsection (a), an award of statutory damages for any such use in connection with the sale, offering for sale, or distribution of goods or services in the amount of—
>
> (1) not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just; or

> (2) if the court finds that the use of the counterfeit mark was willful, not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just.

*Id.*

The distinction between damages pursuant to 15 U.S.C. § 1117(a) and (b) and statutory damages for counterfeiting pursuant to 15 U.S.C. § 1117(c) is the type of acts which occurred. For example, damages pursuant to § 1117(b) can be levied where there has been use in commerce of the mark pursuant to § 1114(1)(a)(1). 15 U.S.C. § 1117(b). The types of actions which can incur liability pursuant to § 1117(a) and (b) include offers for sale and advertising. However, Congress chose to enumerate a specific list of actions which would incur liability for statutory damages under § 1117(c), these actions are thus limited to "the sale, offering for sale, or distribution of goods and services". *Id* at § 1117(c). When comparing § 1117(a), (b), and (c) it is clear that Congress could easily have: (1) expressly included advertising; (2) generally included advertising by using the defined phrase "use in commerce"; or (3) referred to § 1114(1)(a) to create liability for statutory damages. Under the cannons of statutory interpretation, it is clear that liability for statutory damages under § 1117(c) is limited to the specifically enumerated acts and does not include advertising. *See Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108, 100 S. Ct. 2051, 2056 (1980) ("Absent a clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive."); *see also Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253-54, 112 S. Ct. 1146, 1149 (1992) ("[C]ourts must presume that a legislature says in a statute what it means and means in a statute what it says there. . . When the words of a statute are unambiguous, then, this first canon is also the last: judicial inquiry is complete.") (citations omitted). In addition to the plain language of § 1117(c), at least one other court has interpreted the statute to require more than simply advertising. *See Audi AG v. D'Amato*, 381 F. Supp. 2d 644, 669 (E.D. Mich. 2005) (Holding that "statutory damages are not appropriate" where Defendant had "not made a profit"); *see also Philip Morris United States, Inc. v. United States Sun Star Trading, Inc.*, No. CV 08-0068 (KAM) (JO), 2010 U.S. Dist. LEXIS 52795, at *40 (E.D.N.Y.

5

Mar. 11, 2010) (Awarding statutory damages where defendant's counterfeit goods were seized before sale, but noting that where plaintiff had not suffered any harm that award of statutory damages to punish and deter "is ill-suited to the facts of the case.").

The liability under 15 U.S.C. §§ 1114 and 1125 and the liability under 15 U.S.C. § 1117(c)(1) cannot and should not be conflated.

### c. The Court Incorrectly Granted Summary Judgment Pursuant to 15 U.S.C. § 1117(c)(1).

Defendant does not dispute this Courts holding that "§§ 1114 and 1125 create civil liabilities for 'offer[s] for sale' or 'advertising,' which are activities where goods are not necessarily sold or transported." (D.I. 73 at 7).  Nor is Defendant currently disputing this Court's holding that the marks were "used in commerce" pursuant to §§ 1114 and § 1125 on the basis that Defendant's goods were "'marketed via the www.new-bunren .com website'". *Id.*  The basis for this Court's decision regarding liability under §§ 1114 and 1125 is that "liability under the Lanham Act can be based on advertising and promotion alone." *Id.*  To support this, the Court cited to *VersaTop Support Sys., LLC v. Ga. Expo, Inc.*, 921 F.3d 1364, 1366 (Fed. Cir. 2019); *BMW of N. Am., LLC v. Barreira*, 633 F. App'x 882, 884 (9th Cir. 2015); and *DealerX v. Kahlon*, No. 2:17-cv-1444-MCE-AC, 2017 U.S. Dist. LEXIS 194452 (E.D. Cal. Nov. 22, 2017). *Id.* at 7-8.  Again, Defendant does not dispute that these cases clearly hold that advertising and promotion activities can establish liability under §§ 1114 and 1125.  That being said, none of these cases support the Court's conclusion that statutory damages pursuant to § 1117(c)(1) can be awarded absent "the sale, offering for sale, or distribution of goods or services" as is explicitly stated by 15 U.S.C. § 1117(c).  All of these cases merely establish that liability under §§ 1114 and 1125 can be had merely by advertising or promotion, but they do not overturn or question the clear requirements for statutory damages pursuant to § 1117(c)(1) that there be a sale, offer for sale, or distribution of counterfeit goods.

Finally, the Court's analysis did not address Defendant's arguments that "Plaintiff is not entitled to statutory damages for counterfeiting as no U.S. sales took place". (D.I. 52 at 13).  The

undisputed facts clearly establish that Defendant never "sold, offered for sale, or distributed" counterfeit goods or services as required for statutory damages pursuant to 15 U.S.C. § 1117(c)(1) or (c)(2). For example, this Court noted that Defendant's "website may not have contained pricing and purchasing information" and that Defendant "did not actually sell any infringing products". *Id.* at 6-7. While this Court noted that these facts were "immaterial" to the analysis under §§ 1114 and 1125 of the Lanham act, it failed to consider that the lack of any one of these acts failed to establish liability for statutory damages pursuant to § 1117(c)(1). For example, the Court's Memorandum Opinion simply found that the marks "are counterfeits" and that "[t]herfore, New Balance is entitled at least to statutory damages under subsection (c)(1)." Id. at 24. This analysis did not establish that Defendant performed any of the requisite acts of selling, offering for sale, or importing counterfeit goods or services, which is required under § 1117(c). The undisputed facts clearly established, and this Court recognized that Defendant never sold, offered for sale, or distributed any goods or services. Therefore, Defendant's Motion for Partial Reconsideration should be granted with respect to the Court's grant of Plaintiff's motion for statutory damages under 15 U.S.C. § 1117(c)(1). D.I. 74 at ¶4.

## V. CONCLUSION

For the foregoing reasons, Defendant respectfully submits that this Court should grant Defendant's Motion for Partial Reconsideration and set aside its Order partially granting Plaintiff's Motion for Summary Judgment related to statutory damages pursuant to 15 U.S.C. § 1117(c)(1).

December 17, 2019

OF COUNSEL:

Timothy T. Wang (admitted *Pro Hac Vice*)
**NI, WANG & MASSAND, PLLC**
8140 Walnut Hill Ln., Ste. 500
Dallas, TX 75231
Tel: (972) 331-4600
Fax: (972) 314-0900
twang@nilawfirm.com

Respectfully submitted,

*/s/ Dennis J. Butler*
Dennis J. Butler (Bar No. 5981)
John D. Simmons (Bar No. 5996)
**Panitch Schwarze Belisario & Nadel LLP**
Wells Fargo Tower
2200 Concord Pike, Ste. 201
Wilmington, DE 19803
Telephone: (302) 394-6006
dbutler@panitchlaw.com
jsimmons@panitchlaw.com

*ATTORNEYS FOR DEFENDANT
USA NEW BUNREN INTERNATIONAL CO.
LIMITED LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on December 17, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to the following:

Arthur G. Connolly, III
Mary I. Akhimien
Ryan Patrick Newell
**Connolly Gallagher LLP**
Brandywine Building
1000 North West Street, 14th Fl.
Wilmington, DE 19801
aconnolly@connollygallagher.com
makhimien@connollygallagher.com
rnewell@connollygallaher.com

Caroline A Teichner
CTeichner@perkinscoie.com
Jeremy Buxbaum
JBuxbaum@perkinscoie.com
Thomas L. Holt
THolt@perkinscoie.com

                                               */s/ Dennis J. Butler*
                                               Dennis J. Butler