## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

NEW BALANCE ATHLETICS, INC.,

          Plaintiff,

   v.

USA NEW BUNREN INTERNATIONAL
CO. LIMITED LLC,

          Defendant.

Civil Action No. 17-cv-01700-MN

Honorable Maryellen Noreika

### STIPULATED PERMANENT INJUNCTION

Plaintiff New Balance Athletics, Inc. ("New Balance") and Defendant USA New Bunren International Co. Limited LLC ("New Bunren") (collectively, "the Parties") have agreed to the entry of the following Stipulated Permanent Injunction:

New Bunren, New Bunren's officers, agents, servants, employees, representatives, attorneys, successors and assigns, and all those persons or entities acting in concert or participation with them, shall be and hereby are permanently enjoined from:

(a)    using the "N" and "NEW BUNREN" Marks, as referenced in paragraphs 22 - 28 in the First Amended Complaint (D.I. 26) (attached hereto as Exhibit A) (and any similar marks, including foreign language equivalents) in connection with any product or service in the United States;

(b)    using any simulation, reproduction, counterfeit, copy, or colorable imitation of New Balance's trademarks including, but not limited to, the trademarks listed in paragraphs 10 - 14 of the First Amended Complaint (D.I. 26) in connection with any product or service in the United States;

(c)      engaging in any other activity constituting an infringement of any of New Balance's trademarks or right to use or exploit those trademarks, or constituting any dilution of New Balance's trademarks, name, reputation, or goodwill in the United States; and

(d)      assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in paragraphs (a) through (c) above.

**SO ORDERED:**

Dated: January 24, 2020

The Honorable Maryellen Noreika
United States District Judge

**AGREED AND ENTRY REQUESTED:**

Dated: January 23, 2020

*Attorneys for Plaintiff New Balance Athletics, Inc.*

By: */s/ Arthur G. Conolly, III*
Arthur G. Connolly, III (#2667)
Ryan P. Newell (#4744)
Stephanie Smiertka Riley (#5803)
Connolly Gallagher LLP
1201 North Market Street
20th Floor
Wilmington, Delaware 19801
T: (302) 757-7300
F: (302) 757-7299
Email: aconnolly@connollygallagher.com
Email: rnewell@connollygallagher.com
Email: sriley@connollygallagher.com

Of Counsel:

Thomas L. Holt (*PHV*)
Jeremy L. Buxbaum (*PHV*)
Perkins Coie LLP
131 South Dearborn Street, Suite 1700
Chicago, Illinois 60603
T: (312) 324-8400
F: (312) 324-9400
Email: THolt@perkinscoie.com
Email: JBuxbaum@perkinscoie.com

*Attorneys for Defendant USA New Bunren International Co. Limited, LLC*

By: */s/ Dennis J. Butler*
Dennis J. Butler (#5981)
Panitch Schwarze Belisario & Nadel LLP
Wells Fargo Tower
2200 Concord Pike, Suite 201
Wilmington, Delaware 19803
T: (302) 394-6006
Email: dbutler@panitchlaw.com

Of Counsel:

Timothy T. Wang
Ni, Wang & Massand, PLLC
8140 Walnut Hill Lane, Suite 500
Dallas, Texas 75231
T: (972) 331-4600
F: (972) 314-0900
Email: twang@nilawfirm.com

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| NEW BALANCE ATHLETICS, INC., | |
| Plaintiff, | |
| v. | C.A. No. 17-1700-VAC-SRF |
| USA NEW BUNREN INTERNATIONAL CO. LIMITED LLC, | **JURY TRIAL DEMANDED** |
| Defendant. | |

## FIRST AMENDED COMPLAINT

Plaintiff New Balance Athletics, Inc. ("New Balance"), for its First Amended Complaint against Defendant USA New Bunren International Co. Limited LLC ("Defendant"), alleges as follows:

## THE PARTIES

1.      New Balance is a Massachusetts corporation with its principal place of business at 100 Guest Street, Boston, Massachusetts, 02135.

2.      On information and belief, Defendant is a Delaware limited liability company with its principal place of business at 3112 Somerset Trace, Birmingham, Alabama, 35242.

## JURISDICTION AND VENUE

3.      This Court has subject-matter jurisdiction over New Balance's federal claims pursuant to 28 U.S.C. §§ 1331, 1338 and 15 U.S.C. § 1121.

4.      This Court has supplemental jurisdiction over New Balance's claims arising under Delaware state law pursuant to 28 U.S.C. § 1367(a) because those claims are so related to New Balance's federal claims that they form part of the same case or controversy and derive from a common nucleus of operative fact.

5.      This Court has personal jurisdiction over Defendant because Defendant is incorporated in Delaware, and, on information and belief, carries on substantial and continuous business activities in Delaware.

6.      Venue is proper in this District under 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

### New Balance and Its Famous Trademarks

7.      New Balance is a private company founded in 1906.  Today, it is one of the largest shoe and athletic apparel manufacturers in the world, with over 4,000 employees and more than $2 billion in annual sales worldwide in 2016.  It is the only major company that manufactures athletic footwear in factories located within the United States.

8.      Since its earliest days, New Balance has focused on fit and authenticity as its core brand messaging.  New Balance is one of few sneaker manufacturers that make shoes in true-width sizing, rather than the more common "narrow" and "wide" sizes.  Owing to the quality of its products, New Balance has achieved significant brand loyalty among customers in the marketplace.  Indeed, New Balance won the No. 1 Customer Loyalty Award in the athletic footwear category for eight consecutive years from Brand Keys, an independent group that recognizes brands that are best able to engage consumers and create loyal customers.

9.      New Balance has designed and developed numerous well-recognized and even iconic shoe designs and models, and related apparel, and has sold hundreds of millions of pairs of shoes and clothing items worldwide, representing many billions of dollars in sales.

10.      Since as early as 1951, New Balance has adopted and used in U.S. commerce, including in Delaware, a family of NEW BALANCE trademarks in connection with (among other things) footwear and apparel.

11.     Since as early as January 1, 1974, New Balance has adopted and used in U.S. commerce, including in Delaware, a family of iconic trademarks featuring a stylized letter "N" and design on its own or in combination with other elements, including a similarly stylized letter "B,"—displayed as "NB"—in connection with (among other things) footwear and apparel (collectively, the "N Marks").

12.     New Balance's NEW BALANCE and N Marks are referred to collectively hereafter as "The New Balance Marks."

13.     Below are examples of New Balance footwear and apparel bearing some of The New Balance Marks:



14.     New Balance owns the following U.S. trademark registrations (among others) for use in connection with footwear, apparel, and/or related goods and services, all of which are valid and subsisting on the Principal Register of the U.S. Patent and Trademark Office ("PTO"):

| Mark | Reg. No. | Reg. Date | First Use in U.S. Commerce |
|---|---|---|---|
| **NEW BALANCE** | 1,053,241 | Nov. 23, 1976 | Jan. 1, 1951 (Class 25) |
| **NEW BALANCE** | 1,260,938 | Dec. 13, 1983 | Jul. 1, 1977 (Class 18) Mar. 1, 1977 (Class 25) |
|  | 3,282,106 | Aug. 21, 2007 | Jan. 2, 1977 (Class 25) |
|  | 4,477,442 | Feb. 4, 2014 | Jan. 1, 1996 (Class 25) |
|  | 1,308,133 | Dec. 4, 1984 | Jan. 2, 1977 (Class 25) |
|  | 1,344,589 | June 25, 1985 | Feb. 1, 1979 (Class 25) |
|  | 1,065,726 | May 17, 1977 | Jan. 1, 1974 (Class 25) |
|  | 1,260,939 | Dec. 13, 1983 | Jul. 1, 1977 (Class 18) Mar. 1, 1977 (Class 25) |
|  | 3,427,255 | May 13, 2008 | Aug. 2, 2007 (Class 18) Aug. 2, 2007 (Class 25) |
|  | 3,475,802 | Jul. 29, 2008 | Jan. 2, 2007 (Class 25) |

15.     Pursuant to Section 7(b) of the Lanham Act, 15 U.S.C. § 1057(b), New Balance's federal registration certificates are *prima facie* evidence of the validity of the above marks as well as New Balance's ownership and exclusive right to use these marks in connection with the identified goods and services.

16.     Of The New Balance Marks shown above, all but Registration No. 4,477,442 (the "'442 Registration") have achieved incontestable status under Section 15 of the Lanham Act, 15

U.S.C. § 1065.

17.     New Balance consistently and prominently uses and displays The New Balance Marks in connection with the advertising, promotion, and sale of its goods and services.

18.     As a result of New Balance's extensive sales, advertising, and promotion of footwear, apparel, and other goods and services under The New Balance Marks, and through widespread industry acceptance and recognition, the consuming public and the trade have come to recognize The New Balance Marks as identifying a single source of high-quality products and services.

19.     The New Balance Marks have become famous and are assets of incalculable value as a symbol of New Balance, its quality products and services, and its goodwill.

**Defendant's Infringing Marks**

20.     Upon information and belief, Defendant is the wholly owned subsidiary of a Chinese company whose name translates to "New Balance (China) Sporting Goods Co., Ltd.," which was formed in 2012.

21.     Long after The New Balance Marks had become famous in the United States, Defendant adopted several confusingly similar marks in an obvious attempt to ride on the coattails of New Balance's fame and to improperly trade on the goodwill that New Balance had worked so hard to build in its distinctive brand.

22.     For example, Defendant began using the mark "NEW BUNREN" in connection with, among other things, footwear and apparel.

23.     Upon information and belief, Defendant focuses its marketing and promotion of products under the NEW BUNREN mark to Chinese-speaking consumers, among others, in the United States.  Upon information and belief, the Chinese pronunciation of "NEW BUNREN" is

highly similar to the Chinese pronunciation of "NEW BALANCE," making Defendant's NEW BUNREN mark confusingly similar to the NEW BALANCE mark particularly among Chinese-speaking consumers in the United States.

24.     Moreover, upon information and belief, the Chinese characters Defendant uses to spell "NEW BUNREN," and which make up a portion of Defendant's design mark covered by U.S. Reg. No. 5,055,943 are *identical* to the Chinese characters used to spell "NEW BALANCE," as shown below:

| | |
|---|---|
| **"NEW BUNREN" in Chinese** | 新百伦 |
| **"NEW BALANCE" in Chinese** | 新百伦 |

25.     In a further display of bad faith, Defendant also adopted a series of "N" marks, consisting of a capitalized letter "N" in block font that is virtually identical to New Balance's N mark, for use in connection with, among other things, footwear and apparel.

26.     Defendant's NEW BUNREN and N marks are referred to collectively hereafter as "The Accused Marks."

27.     Upon information and belief, Defendant has used The Accused Marks in U.S. commerce by advertising its footwear and apparel, including on its website at http://www.new-bunren.com (the archived front page of which is shown below) and in advertising at U.S. sporting events.



28.    Defendant has obtained the U.S. registrations listed below for its "NEW

BUNREN" and "N" marks.  New Balance has initiated cancellation proceedings against these

registrations at the Trademark Trial and Appeal Board, which are currently pending (*see*

Cancellation Nos. 92065202, 92065204).

| Mark | Reg. No. | Reg. Date | First Use in U.S. Commerce |
|---|---|---|---|
| **NEW BUNREN** | 4,568,883 | Jul. 15, 2014 | Mar. 1, 2014 (Class 25) |
| New bunren 新百伦 | 5,055,943 | Oct. 4, 2016 | Mar. 1, 2016 (Class 25) |
| | 4,580,787 | Aug. 5, 2014 | Mar. 1, 2014 (Class 25) |
| | 4,585,058 | Aug. 12, 2014 | Mar. 1, 2014 (Class 25) |
| | 4,860,914 | Nov. 24, 2015 | Jul. 1, 2015 (Class 25) |
| | 4,878,478 | Dec. 29, 2015 | Jul. 1, 2015 (Class 25) |

29.     Each of the applications for the above-listed registrations was filed with the PTO on an intent-to-use basis.

30.     Each of the above-listed registrations issued only after Defendant and/or its predecessor in interest (collectively, "New Bunren") filed a Statement of Use with the PTO declaring—under oath and subject to the penalty of perjury—that New Bunren was using the applied-for mark in U.S. commerce in connection with all of the goods listed in the underlying application.

31.     To properly allege use in commerce before the PTO, an applicant must have sold or transported within the U.S. the goods under the applied-for mark at the time of the filing a Statement of Use.

32.     Upon information and belief, at the time New Bunren filed Statements of Use with the PTO in each of the above-listed applications, New Bunren had not sold or transported goods under the applied-for marks, and New Bunren has never sold or transported goods in the United States under the Accused Marks.

33.     Thus, New Bunren filed false Statements of Use and, in so doing, committed fraud on the PTO.

34.     Upon information and belief, in an effort to confuse consumers and trade off of New Balance's fame, Defendant has referred to itself as "New Balance (China) Sports Goods Co., Ltd." on its own website. *See* Ex. A.  At no time has Defendant been affiliated in any way with New Balance, and at no time did New Balance authorize Defendant to hold itself out as being affiliated with New Balance.

35.     In a further effort to draw an association with New Balance, Defendant has displayed "American Classic" on its website (as depicted above), notwithstanding the fact that

the New Bunren brand is neither American nor "classic," as it was established in 2012, and, upon information and belief, is virtually unknown in the United States.

36.     In an additional showing of bad faith, upon information and belief, Defendant falsely stated on its website that the New Bunren brand originated in the United States and described the brand as an American company, even going so far as to mimic aspects of New Balance's brand story, including, but not limited to, falsely claiming that New Bunren started in 1906, the year New Balance was founded.

37.     At the time it adopted, first used, and filed its applications to register The Accused Marks, Defendant had constructive knowledge of New Balance's rights in all The New Balance Marks except for the '442 Registration (which issued later), and, upon information and belief, had actual knowledge of New Balance's use of The New Balance Marks.

38.     New Balance's rights in The New Balance Marks (except its rights reflected in the '442 Registration) predate Defendant's use of The Accused Marks.

39.     The Accused Marks are confusingly similar in sight and commercial impression to The New Balance Marks, as depicted below:

| Representative New Balance Marks | Representative Accused Marks |
|---|---|
|  |  |

| Representative New Balance Marks | Representative Accused Marks |
|---|---|
|  |  |

40.    On information and belief, the Accused Marks are confusingly similar in sound to The New Balance Marks, especially when pronounced by native Chinese speakers.

41.    The goods offered under The New Balance Marks are directly competitive with or at least highly related to the goods offered under The Accused Marks.

42.    New Balance did not authorize Defendant's use of The Accused Marks.

43.    The Accused Marks so closely resemble The New Balance Marks that, when used in connection with Defendant's goods, they are likely to cause confusion, mistake or deception of the relevant trade and public.  Consumers will likely believe that Defendant's goods are in some way associated with or connected with, or approved or authorized by New Balance, when this is not the case.

44.    Defendant's "N" marks are counterfeits of New Balance's genuine n marks, as defined in 15 U.S.C. § 1116(d).

45.    The Accused Marks so closely resemble The New Balance Marks that, when used in connection with Defendant's goods, they are likely to cause dilution by blurring of the famous New Balance Marks.  Due to the close similarity between The New Balance Marks and The Accused Marks, consumers will likely associate Defendant and/or Defendant's goods with New Balance and/or New Balance's goods, which will impair the distinctiveness of the famous New

Balance Marks.

## COUNT I
### Infringement of Federally Registered Trademark
### (Lanham Act § 32(1), 15 U.S.C. § 1114(1))

46.     New Balance incorporates the preceding paragraphs as if fully set forth herein.

47.     New Balance owns valid and existing rights in The New Balance Marks.

48.     Defendant uses in interstate commerce colorable imitations and/or counterfeits of The New Balance Marks in connection with Defendant's promotion and sale of its footwear and apparel products.

49.     Defendant's unauthorized use or colorable imitation of The New Balance Marks is likely to cause confusion and mistake among consumers and others as to the source, origin or sponsorship of Defendant's products sold under The Accused Marks.

50.     Defendant's unauthorized imitation of The New Balance Marks in interstate commerce constitutes trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

51.     Defendant's unauthorized imitation of The New Balance Marks is a knowing, willful, and intentional violation of New Balance's rights.

52.     Defendant's infringement diminishes the value of New Balance's marks, goodwill, and business reputation.  Further, Defendant's infringement, unless restrained, will cause great and irreparable injury to New Balance and to the recognition and goodwill represented by The New Balance Marks, in an amount that cannot be ascertained at this time, leaving New Balance with no adequate remedy at law.

53.     By reason of the foregoing, New Balance is entitled to injunctive relief restraining Defendant from any further infringement of The New Balance Marks, and also is entitled to

recover Defendant's profits, actual damages, enhanced profits and damages (including trebling), costs, reasonable attorneys' fees, interest, and/or statutory damages under 15 U.S.C. §§ 1114, 1116, and 1117.

**COUNT II**
**Trademark Dilution**
**(Lanham Act § 43(c), 15 U.S.C. § 1125(c))**

54.     New Balance incorporates the preceding paragraphs as if fully set forth herein.

55.     New Balance owns valid and existing rights in The New Balance Marks.

56.     Through continued use, product promotion, and consumer and industry recognition, New Balance has developed The New Balance Marks to the point that they are famous.  After The New Balance Marks became famous, Defendant began using (and is still using) The Accused Marks on its similar footwear and apparel products.  In so doing, Defendant is improperly creating a false association between its products and The New Balance Marks.

57.     This association is likely to cause a dilution of the strong goodwill that New Balance has built in The New Balance Marks, in violation of 15 U.S.C. § 1125(c).

58.     As a result of Defendant's wrongful conduct, New Balance has been damaged and will continue to be damaged in an amount to be determined at trial.

59.     Defendant's unauthorized use or confusing imitation of The New Balance Marks is knowing and willful and with the intent to trade on the goodwill New Balance has established in The New Balance Marks.

60.     Unless enjoined, Defendant's behavior will continue and will cause New Balance to suffer irreparable harm for which there is no adequate remedy at law.  New Balance is therefore entitled to injunctive relief.

<u>COUNT III</u>
**False Designation of Origin**
**(Lanham Act § 43(a), 15 U.S.C. § 1125(a))**

61.     New Balance incorporates the preceding paragraphs as if fully set forth herein.

62.     New Balance uses and owns The New Balance Marks in connection with its sale of, among other things, footwear and apparel products.  The New Balance Marks are inherently distinctive and have also acquired secondary meaning as a designation of source for New Balance.

63.     In connection with its promotion and sale of its own footwear and apparel products, Defendant uses in interstate commerce The Accused Marks.  Defendant's use of The Accused Marks is likely to cause confusion and mistake and to deceive consumers and others as to the origin, sponsorship or affiliation of the parties' products.  Consumers seeing footwear and apparel sold under The Accused Marks in the marketplace are likely to believe those products are sponsored by, associated with or otherwise affiliated with New Balance.

64.     Defendant's use of The Accused Marks constitutes false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

65.     Defendant's use of The Accused Marks is a knowing, willful, and intentional violation of New Balance's rights.

66.     Defendant's act of false designation of origin, unless restrained, will cause great and irreparable harm to New Balance and to the business goodwill represented by The New Balance Marks, in an amount that cannot be ascertained at this time, leaving New Balance with no adequate remedy at law.

67.     By reason of the foregoing, New Balance is entitled to injunctive relief against Defendant, restraining it from any further acts of false designation of origin, and is also entitled

to recovery of Defendant's profits, actual damages, enhanced profits and damages (including trebling), costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1116, 1117, and 1125.

## COUNT IV
### Trademark Dilution under Delaware Law
### (6 Del. C. § 3313)

68.     New Balance incorporates the preceding paragraphs as if fully set forth herein.

69.     New Balance owns valid and existing rights in The New Balance Marks.

70.     Defendant's unauthorized use or confusing imitation of The New Balance Marks is likely to injure New Balance's business reputation and has diluted, or is likely to dilute, the distinctive quality of The New Balance Marks in violation of the Delaware Trademark Act, 6 Del. C. § 3313.

71.     Defendant intended to trade on New Balance's reputation and to dilute The New Balance Marks, or acted with reason to know or was willfully blind as to the consequences of its actions.

72.     Defendant's wrongful acts have caused and will continue to cause New Balance irreparable harm.  New Balance has no adequate remedy at law for Defendant's violations.

73.     New Balance is entitled to a judgment enjoining and restraining Defendant from engaging in further acts of injury to New Balance's business reputation or dilution.

## COUNT V
### Deceptive Trade Practices under Delaware Law
### (6 Del. C. § 2532)

74.     New Balance incorporates the preceding paragraphs as if fully set forth herein.

75.     Defendant's actions, as described above, constitute deceptive trade practices because such actions, *inter alia*, (a) constitute passing off of Defendant's goods and services as those of New Balance; (b) create a likelihood of confusion or misunderstanding as to the source,

sponsorship, approval or certification of Defendant's goods and services; and (c) create a likelihood of confusion or misunderstanding as to Defendant's affiliation, connection or association with or certification by New Balance, in violation of 6 Del. C. § 2532.

76.    New Balance has been damaged and will continue to be damaged by Defendant's deceptive trade practices and is entitled to treble damages and attorneys' fees pursuant to 6 Del. C. § 2533.

**<u>COUNT VI</u>**
**Delaware Common Law Trademark Infringement and Unfair Competition**

77.    New Balance incorporates the preceding paragraphs as if fully set forth herein.

78.    New Balance owns and enjoys common-law rights in Delaware and throughout the United States in The New Balance Marks for use in connection with (among other things) footwear and apparel, which are superior to any rights that Defendant may claim in The Accused Marks in any form or style with respect to the provision and sale of (*inter alia*) footwear and apparel.

79.    Defendant's marketing, promotion, offering for sale, and sale of goods under The Accused Marks constitute trademark infringement and unfair competition under the common law of the State of Delaware.

80.    As a result of Defendant's conduct, the public is likely to believe that Defendant's goods have originated from and/or have been approved by New Balance, when they have not.

81.    Defendant's unauthorized use or confusing imitation of The New Balance Marks in connection with the promotion and sale of its footwear and apparel products is a knowing, willful, and intentional violation of New Balance's common-law rights, demonstrating bad-faith intent to trade on the goodwill associated with The New Balance Marks.

82.    Defendant's actions, if not restrained, will cause irreparable injury to New

Balance.  In addition, Defendant's actions will cause New Balance to lose income, profits, and goodwill while Defendant acquires income, profits, and goodwill.  This infringement diminishes the value of New Balance's marks, goodwill, and business reputation.

83.     By reason of the foregoing, New Balance is entitled to injunctive relief; damages, including but not limited to Defendant's profits, actual damages suffered by New Balance, and punitive damages; and attorneys' fees, costs, and interest.

**COUNT VII**
**Delaware Common Law Unjust Enrichment**

84.     New Balance incorporates the preceding paragraphs as if fully set forth herein.

85.     Benefits have been conferred upon Defendant by its unauthorized use or confusing imitation of The New Balance Marks, and New Balance has been harmed to a commensurate degree.

86.     Defendant has appreciated, accepted, and retained these benefits.

87.     It is inequitable for Defendant to retain these benefits without the payment of value to New Balance.

88.     Defendant has been unjustly enriched at the expense of New Balance.

89.     Defendant's activities described above constitute unjust enrichment under the common law of the State of Delaware.

**COUNT VIII**
**Civil Liability for False or Fraudulent Registration**
**(15 U.S.C. § 1120)**

90.     New Balance incorporates the preceding paragraphs as if fully set forth herein.

91.     New Bunren committed fraud on the PTO in obtaining U.S. Registration Nos. 4,568,883; 5,055,943; 4,580,787; 4,585,058; 4,860,914; and 4,878,478 by filing Statements of Use in connection with the applications leading to these registrations that contained false

representations regarding New Bunren's use of the marks in U.S. commerce.

92.     On information and belief, at the time New Bunren filed its Statements of Use for each of these applications, it had not sold or transported goods in U.S. commerce under the Accused Marks, and it has never sold or transported goods in U.S. commerce under the Accused Marks.

93.     New Bunren knew or should have known that the representations in its Statements of Use were false.

94.     New Bunren made the false representations in its Statements of Use to induce the PTO to issue the registrations sought.

95.     In reliance upon New Bunren's false representations in its Statements of Use, the PTO issued the registrations sought to New Bunren.

96.     But for New Bunren's false representations in its Statements of Use, the PTO would not have issued the registrations sought; accordingly, New Bunren's false representations were material.

97.     New Balance has been and continues to be harmed by New Bunren's fraud on the PTO.  Since New Bunren fraudulently registered it marks, it has advertised goods bearing those marks in U.S. commerce, including (on information and belief) at NBA games and on Defendant's website.  Such advertising has injured New Balance's reputation and the goodwill in its marks.

## **PRAYER FOR RELIEF**

WHEREFORE, New Balance requests that this Court:

A.     Enter a judgment that Defendant is liable to New Balance for infringement and false designation of origin under 15 U.S.C. §§ 1114(1) and 1125(a);

B. Enter a judgment that Defendant is liable to New Balance for dilution under 15 U.S.C. § 1125(c);

C. Enter a judgment that Defendant is liable to New Balance for damages caused by its false or fraudulent registrations under 15 U.S.C. § 1120;

D. Enter a preliminary and permanent injunction enjoining Defendant and its agents, representatives, employees, assigns, and all persons acting in concert or privity with it, from maintaining, disseminating, reproducing, promoting, distributing or otherwise using The Accused Marks or any marks confusingly similar thereto, as all or part of any mark, product, product packaging, configuration, or design;

E. Enter a preliminary and permanent injunction enjoining Defendant and its agents, representatives, employees, assigns, and all persons acting in concert or privity with it, from doing any act or thing likely to induce the mistaken belief that Defendant's goods are in any way affiliated, connected or associated with New Balance or its goods, or from doing any other act or thing likely to cause confusion with respect to The New Balance Marks;

F. Enter a judgment that Defendant's trademark infringement, false designation of origin, dilution, deceptive trade practices, unfair competition, and false or fraudulent registrations have been willful;

G. Order Defendant to deliver to New Balance or to the Court for destruction all materials bearing The Accused Marks or colorable imitations of The New Balance Marks;

H. Order Defendant to file and serve a report in writing, and under oath, setting forth the manner and form in which it has complied with the Court's order and injunction;

I. Order Defendant to pay New Balance any damages attributable to Defendant's infringement, false designation of origin, dilution, deceptive trade practices, unfair competition,

unjust enrichment, and false or fraudulent registrations and to account for all gains, profits, and advantages derived therefrom, and such damages authorized by law, including under 15 U.S.C. §§ 1117 and 1120;

J.      Enter an order awarding New Balance its actual damages and/or Defendant's profits, trebled pursuant to 15 U.S.C. § 1117(b), or, in the alternative, awarding New Balance statutory damages pursuant to 15 U.S.C. § 1117(c) for each counterfeit mark;

K.      Order Defendant to pay New Balance its attorneys' fees pursuant to 15 U.S.C. § 1117;

L.      Enter an order pursuant to 15 U.S.C. § 1116(d)(1)(A) impounding all counterfeit and infringing merchandise and materials bearing any of Defendant's "N" marks;

M.      Enter judgment that Defendant's acts constitute dilution in violation of 6 Del. C. § 3313;

N.      Enter judgment that Defendant's acts constitute deceptive trade practices in violation of 6 Del. C. § 2532 and unfair competition under Delaware common law;

O.      Enter a judgment that Defendant's acts in violation of 6 Del. C. § 2532 have been willful;

P.      Enter a preliminary and permanent injunction enjoining Defendant and its agents, representatives, employees, assigns, and all persons acting in concert or privity with it, from engaging in conduct that constitutes dilution under 6 Del. C. § 3313, deceptive trade practices under 6 Del. C. § 2532 or unfair competition under Delaware common law;

Q.      Declare this to be an exceptional case and award New Balance its attorneys' fees and costs pursuant to 6 Del. C. § 2533;

R.      Award New Balance its costs, pre-judgment interest, and post-judgment interest;

and

     S.      Award New Balance such other relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff New Balance Athletics, Inc. demands a jury trial for all issues so triable.


Dated:  May 9, 2018                CONNOLLY GALLAGHER LLP

                                         */s/ Arthur G. Connolly, III*

*Of Counsel:*                        Arthur G. Connolly, III (#2667)

                                          Ryan P. Newell (#4744)

Thomas L. Holt                    Mary I. Akhimien (#5448)

Jeremy L. Buxbaum              The Brandywine Building

Caroline A. Teichner            1000 West Street

PERKINS COIE LLP             Wilmington, DE 19801

131 South Dearborn Street      (302) 757-7300

Suite 1700                      aconnolly@connollygallagher.com

Chicago, Illinois 60603        rnewell@connollygallagher.com

T: (312) 324.8400              makhimien@connollygallagher.com

F: (312) 324.9400

THolt@perkinscoie.com         *Attorneys for Plaintiff*

JBuxbaum@perkinscoie.com     *New Balance Athletics, Inc.*

CTeichner@perkinscoie.com