# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NEW BALANCE ATHLETICS, INC.<br><br>    Plaintiff,<br><br>    v.<br><br>USA NEW BUNREN INTERNATIONAL CO. LIMITED LLC<br><br>    Defendant. | Civil Action No.: 1:17-cv-1700-MN<br><br>Honorable Maryellen Noreika |

## PLAINTIFF'S REPLY IN SUPPORT OF ITS
## REQUEST FOR STATUTORY DAMAGES AND ATTORNEYS' FEES AND COSTS

Dated: March 18, 2020

OF COUNSEL:

Thomas L. Holt *(PHV)*
Jeremy L. Buxbaum *(PHV)*
Perkins Coie LLP
131 South Dearborn Street, Suite 1700
Chicago, IL 60603-5559
Telephone: 312.324.8400
Facsimile: 312.324.9400
Email: THolt@perkinscoie.com
Email: JBuxbaum@perkinscoie.com

Arthur G. Connolly, III (#2667)
Ryan P. Newell (#4744)
Stephanie Smiertka Riley (#5803)
Connolly Gallagher LLP
1201 North Market Street
20th Floor
Wilmington, Delaware 19801
Telephone: 302-757-7300
Facsimile: 302-757-7299
Email: aconnolly@connollygallagher.com
Email: rnewell@connollygallagher.com
Email: sriley@connollygallagher.com

*Attorneys for Plaintiff New Balance Athletics, Inc.*

## TABLE OF CONTENTS

**Page**

I. ARGUMENT ................................................................................................................... 1

    A. New Bunren's Use of Counterfeit Marks Was Willful .......................................... 1

    B. New Bunren Used Its Counterfeit Mark In Connection with 21 Types of Goods ....................................................................................................................... 4

    C. New Balance is Entitled to an Award of $840,000 in Statutory Damages ............ 7

    D. New Balance is Entitled to Its Reasonable Attorneys' Fees and Costs ................. 8

II. CONCLUSION ............................................................................................................. 10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bekins Holding Corp. v. BGT Trans, Inc.*,
   No. CV 09-08982 MMM, 2010 WL 11597623 (C.D. Cal. Nov. 19, 2010) ........................3, 5

*Bly v. Vanbury Books, Inc.*,
   638 F. Supp. 983 (E.D. Pa. 1986) ...............................................................................................8

*Capitol Records Inc. v. Thomas-Rasset*,
   680 F. Supp. 2d 1045 (D. Minn. 2010) ......................................................................................7

*Cartier Int'l AG v. Daniel Markus, Inc.*,
   Civil Action No. 10-1459 (JLL), 2011 WL 3881498 (D.N.J. Sept. 2, 2011) ............................9

*Chanel, Inc. v. Matos*,
   133 F. Supp. 3d 678 (D.N.J. 2015) ............................................................................................7

*Coach, Inc. v. Ocean Point Gifts*,
   Civil Action No. 09-4215 (JBS), 2010 WL 2521444 (D.N.J. June 14, 2010) ..........................9

*Coach, Inc. v. Paula's Store Sportwear LLC*,
   Civil Action No. 13-3263 (SRC), 2014 WL 347893 (D.N.J. Jan. 31, 2014) ............................9

*Delta Airlines, Inc. v. Fly Tech, LLC*,
   Civil Action No. 16-2599, 2018 WL 1535231 (D.N.J. Mar. 29, 2018) .....................................7

*Fair Wind Sailing, Inc. v. Dempster*,
   764 F.3d 303 (3d Cir. 2014) ................................................................................................8, 10

*Gucci Am. v. Duty Free Apparel, Ltd.*,
   315 F. Supp. 2d 511 (S.D.N.Y. 2004) .......................................................................................7

*Holt's Co. v. Hoboken Cigars, LLC*,
   Civ. No. 09-3782 (WJM), 2010 WL 4687843 (D.N.J. Nov. 10, 2010) .....................................8

*Howard v. Laws*,
   Civil Action No. 13-0957 (FLW)(LHG), 2014 WL 3925536 (D.N.J. Aug. 12,
   2014) .........................................................................................................................................3

*Louis Vuitton Malletier & Oakley, Inc. v. Veit*,
   211 F. Supp. 2d 567 (E.D. Pa. 2002) .........................................................................................3

*Microsoft Corp. v. Gonzales*,
   Civil No. 06-4331 (RBK), 2007 WL 2066363 (D.N.J. July 13, 2007) .....................................7

# TABLE OF AUTHORITIES
## (Continued)

**Page(s)**

*Nike, Inc. v. E. Ports Custom Brokers, Inc.*,
   No. 2:11-cv-4390-CCC-MF, 2018 WL 3472628 (D.N.J. July 19, 2018) .................................. 8

*Platypus Wear, Inc. v. Bad Boy Club, Inc.*,
   Civil No. 08-02662(NLH)(AMD), 2009 WL 2147843 (D.N.J. July 15, 2009) ...................... 3

*RSO Records, Inc. v. Peri*,
   596 F. Supp. 849 (S.D.N.Y. 1984) .................................................................................. 8

*Tiramisu Int'l LLC v. Clever Imports LLC*,
   741 F. Supp. 2d 1279 (S.D. Fla. 2010) ........................................................................... 4

*Webloyalty.com, Inc. v. Consumer Innovations, LLC*,
   388 F. Supp. 2d 435 (D. Del. 2005) ................................................................................ 7

**Statutes**

15 U.S.C. § 1117(a) ............................................................................................................. 8, 9

15 U.S.C. § 1117(c) ................................................................................................................. 9

15 U.S.C. § 1117(c)(1) ............................................................................................................. 8

Lanham Act, 15 U.S.C. §§ 1051 *et seq.* ................................................................................. 7

New Bunren's Response should be disregarded in its entirety, as it (i) ignores and attempts to subvert the Court's prior Orders, (ii) makes factual contentions that are directly contradicted by the record, and (iii) once again sets forth tenuous legal positions.  In its Order granting summary judgment for New Balance, the Court expressly found that New Balance is *entitled* to statutory damages, with the exact *amount* to be determined. (D.I. 74 ¶ 4).  The parties subsequently agreed, and the Court expressly ordered, that this supplemental briefing was for the limited purpose of determining two remaining issues:

      a) The amount of statutory damages to be awarded to New Balance; and

      b) Whether New Balance is entitled to attorneys' fees and costs. (D.I. 77 ¶ 6).

Despite this narrow focus, New Bunren spent the vast majority of its 20-page Response restating the very arguments that have already been briefed in connection with the parties' summary judgment motions as well as those set forth in New Bunren's motion for reconsideration. (*See, e.g.*, D.I. 75, 76, 80, 81).  In so doing, New Bunren has attempted to distract the Court from New Balance's detailed arguments supporting its request for $840,000 in statutory damages as well as the strong basis for an award of attorneys' fees and costs in this case.  For the reasons set forth in its Opening Supplemental Brief and explained further herein, the Court should grant New Balance's requests.

## I. ARGUMENT

**A.    New Bunren's Use of Counterfeit Marks Was Willful.**

The record is clear that New Bunren's conduct was willful.  What little time New Bunren spends on this issue ignores the undisputed facts as determined by this Court and fails to acknowledge Defendant's prior admissions.  For example, the undisputed evidence shows that New Bunren willfully counterfeited New Balance's N Mark for over two years.  This Court held, and New Bunren admitted, that:

- New Bunren was on notice of its counterfeiting since at least **January 2016**. (D.I. 73 at 24).

- New Bunren operated its website, www.new-bunren.com, until **2017 or 2018**. *Id.*

- New Bunren did not voluntarily withdraw its counterfeit registrations until **June 2018**. *Id.*

- And New Bunren admitted—multiple times—that its counterfeit products continued to be offered for sale and distribution in the U.S. via Taobao.com at least through **July 31, 2018**. (D.I. 72-1, Ex. 39 at 66:4–7; 91:12–19; 95:22–96:7; 147:2–7).

The math is simple: the difference between January 2016 (the first notice date) and July 2018 (the last offer for sale/distribution date) is ***two-and-a-half years***.

New Bunren cites ***no evidence*** to contradict this timeline. (*See* D.I. 86 at 12). Instead, it criticizes the Court's calculation of the time between when New Bunren was on notice of its counterfeiting (January 2016) and when New Bunren took down its website (2017 or 2018). (D.I. 86 at 13). As the Court correctly deduced (and New Balance correctly cited), the website was up for *at least* one year after the first notice (D.I. 73 at 24), further suggesting that New Bunren's counterfeiting was willful.

New Bunren then points to several irrelevant "facts" that have no bearing on the willfulness issue. First, New Bunren explains that it does not own, operate, or have any relationship to Taobao.com. (*See* D.I. 86 at 4). However, New Balance never argued that it did, and a party can obviously be liable for infringement based on offers for sale made through retailers, rather than sales directly from the counterfeiter itself. And here, New Bunren has expressly admitted that its counterfeit products were offered for sale on Taobao.com through at least July 31, 2018. (D.I. 72-

1, Ex. 39 at 66:4–7; 91:12–19; 95:22–96:7; 147:2–7).[1]

Second, New Bunren makes much of New Balance's counsel's purchase of New Bunren products on Taobao.com. (*See* D.I. 86 at 5, 10). But as New Balance has already made abundantly clear in prior briefing, and as the Court has already acknowledged, New Balance has never relied on its counsel's purchase of New Bunren's product on Taobao.com to prove any fact in this case. (*See* D.I. 69 at 4 ("New Bunren also focuses on a potential use in commerce that New Balance does not rely on in its motion for partial summary judgment, namely, the purchase of New Bunren's footwear by New Balance's counsel.")).

Third, New Bunren incorrectly implies that enhanced willfulness damages are appropriate only when *sales* of counterfeit products continue after the defendant is notified that it is counterfeiting. (D.I. 86 at 12). But this implication is belied by the case law that New Bunren cites—willful infringement includes any *infringing behavior* that occurs after notice, such as the offers for sale made by New Bunren after New Balance initiated cancellation proceedings. *See Louis Vuitton Malletier & Oakley, Inc. v. Veit*, 211 F. Supp. 2d 567, 583 (E.D. Pa. 2002) ("Willfulness can be inferred by the fact that a defendant continued *infringing behavior* after being given notice.") (emphasis added); *Platypus Wear, Inc. v. Bad Boy Club, Inc.*, Civil No. 08-02662(NLH)(AMD), 2009 WL 2147843, at *6 (D.N.J. July 15, 2009) (same); *Howard v. Laws*, Civil Action No. 13-0957 (FLW)(LHG), 2014 WL 3925536, at *9 (D.N.J. Aug. 12, 2014) (same); *Bekins Holding Corp. v. BGT Trans, Inc.*, No. CV 09-08982 MMM (MANx), 2010 WL 11597623,

---

[1] As an example of the many places where New Bunren's argument is, at best, disingenuous, and at worst, an outright attempt to subvert the established record, New Bunren states that it was Qierte's products that were available on Taobao, implying that New Bunren's products were not. (D.I. 86 at 4–5). But in its discovery responses and deposition testimony, New Bunren stated without nuance that *its* products were offered for sale on Taobao. (*See* D.I. 80 at 3, 5–6).

at *9 (C.D. Cal. Nov. 19, 2010) (same); *Tiramisu Int'l LLC v. Clever Imports LLC*, 741 F. Supp. 2d 1279, 1289 (S.D. Fla. 2010) (same).

New Bunren's arguments amount to nothing more than a series of distractions that dwell on issues already resolved by the Court and facts that have no bearing on the issues to be resolved through this supplemental briefing.  As the undisputed evidence shows, New Bunren's counterfeiting activity continued for over two years after it was put on notice of its infringement, it made these products available to the broadest possible audience via the Internet, and it did so using marks virtually identical to New Balance's N Mark.  (D.I. 85 at 5–9).  There can be no reasonable dispute that New Bunren's counterfeiting activity was deliberate and willful, and New Balance should not be precluded from a meaningful recovery simply because New Bunren's failed counterfeiting venture was unsuccessful in garnering any meaningful sales.

**B.      New Bunren Used Its Counterfeit Mark In Connection with 21 Types of Goods.**

New Bunren does not dispute New Balance's contention that Statements of Use filed with the USPTO are used by courts to calculate the number of goods on which the counterfeit marks were used (D.I. 85 at 11–12); rather, New Bunren appears to argue that the Statements of Use it filed with the USPTO under oath do not actually mean what they literally state on their face.  Not only is this argument incredulous, but it raises a host of serious issues that call into question New Bunren's credibility and litigation tactics.

Remarkably, New Bunren now contends that its Statements of Use show use of its counterfeit marks in connection with only shoes, even though this assertion flies in the face of the entire evidentiary record.  (*See* D.I. 86 at 3).  Specifically, New Bunren states that "these statements were accurate only to the extent that the New Bunren marks were displayed on the www.new-bunren.com website in connection with shoes, but not other goods, and the shoes displayed on the

- 4 -

website were never actually sold, offered for sale, or distributed within the United States." *Id.* This statement is deeply problematic for a number of reasons.

First, whether or not its Statements of Use were accurate and truthful is black and white and does not leave room for nuance and caveats—either New Bunren was using its marks in commerce with the listed goods, or it was not. In the absence of contrary evidence, the Court must take New Bunren's sworn statements as true. And those sworn statements represented, under oath, that New Bunren was using its marks in commerce in connection with 21 types of goods. (*See* D.I. 85 at 11–12). The law leaves no doubt that, to swear in a Statement of Use submitted to the USPTO that a mark is used in commerce is to state that the mark was placed on goods and sold or transported in commerce. *Id.* at 12. And indeed, the factual record supports the accuracy of the Statements of Use. *See* D.I. 80 at 2–3; 4–7. For these reasons, it cannot be disputed that New Bunren used its counterfeit mark in connection with 21 types of goods, and New Bunren's bare, unsupported assertion to the contrary does nothing to undo the established record.

Alternatively, to the extent that New Bunren is now, for the first time, suggesting that its Statements of Use were false, this would completely undercut New Bunren's credibility and be strong evidence of bad faith, which would provide additional support for New Balance's request for attorneys' fees. New Balance initiated this action based on the truth of New Bunren's Statements of Use. New Balance also amended its complaint to include a claim, in the alternative, for fraud in connection with New Bunren's Statements of Use. (D.I. 27). In its answer, New Bunren expressly denied the fraud allegation. (*See* D.I. 27, ¶¶ 32–33, 91–97). And in discovery, both written and oral, New Bunren had every opportunity to state that it never used its marks in commerce and thus acknowledge the inaccuracy of its Statements of Use, but in each instance New Bunren doubled down and confirmed the use of its mark and the accuracy of its Statements of Use.

Based on these representations, New Balance dropped its fraud claim as part of the parties' agreement to limit the issues remaining for resolution by the Court. (*See* D.I. 77, 83).

For New Bunren to suggest now, in its final brief, after expressly denying fraud, after expressly confirming use in commerce, and after New Balance's good-faith agreement to drop its fraud claim, that its Statements of Use are not fully accurate, would be the paradigm of bad faith and unreasonable litigation tactics.[2] What's more, if the Statements of Use were false, and New Bunren now appears to be admitting as much, then New Bunren made false statements to this Court in official filings, which is itself problematic and potentially warrants sanctions. For example, in its First Amended Complaint, New Balance alleged that:

> Upon information and belief, at the time New Bunren filed Statements of Use with the PTO in each of the above-listed applications, New Bunren had not sold or transported goods under the applied-for-marks, and New Bunren has never sold or transported goods in the United States under the Accused Marks. (D.I. 26 ¶ 32).

New Bunren denied that allegation outright, effectively admitting that it *did* sell or transport its goods in the U.S. (D.I. 27 ¶ 32). And yet in its Response, New Bunren now repeatedly asserts that it never sold, distributed, or even offered for sale products in the United States. (*See* D.I. 86 at 1, 3-5, 7, 9, 12–13, 15, 17). New Bunren cannot have it both ways—suddenly denying the accuracy of its Statements of Use in an effort to avoid a significant damages award, but avoiding the consequences of having submitted false statements to the USPTO, New Balance, and this Court. For purposes of determining statutory damages, the Court must disregard the unsupported argument presented in New Bunren's Response and instead rely on the established evidentiary record, which overwhelmingly supports use of the accused marks on 21 types of goods.

---

[2] That such conduct would warrant an award of attorneys' fees for New Balance will be discussed in more detail below.

### C. New Balance is Entitled to an Award of $840,000 in Statutory Damages.

Rather than addressing the issue that the parties agreed to address, the Court approved, and that New Balance actually briefed—the amount of statutory damages New Balance is entitled to—New Bunren elects to re-litigate its arguments that this Court previously rejected in the partial summary judgment briefing, and that New Bunren has already briefed a second time in its motion for reconsideration. New Bunren simply refuses to accept the Court's determination that it offered for sale and/or distributed the counterfeit products, entitling New Balance to statutory damages. (D.I. 73 at 24; D.I. 74 ¶ 4). New Bunren's argument that statutory damages should be $0 completely defies the Court's summary judgment Order and the Lanham Act's statutory damages floor of not less than $1,000 per mark per type of good sold.

The Lanham Act gives courts wide discretion to determine the amount of statutory damages to award per violation, and courts consider a variety of factors. *See Delta Airlines, Inc. v. Fly Tech, LLC*, Civil Action No. 16-2599, 2018 WL 1535231, at *3–4 (D.N.J. Mar. 29, 2018) (listing factors); *Chanel, Inc. v. Matos*, 133 F. Supp. 3d 678, 688 (D.N.J. 2015) (same). As the cases cited by New Bunren demonstrate, no single factor, including the approximation of actual damages, is determinative. *See Microsoft Corp. v. Gonzales*, Civil No. 06-4331 (RBK), 2007 WL 2066363, at *5 (D.N.J. July 13, 2007) ("defendant's intent and behavior are the foremost consideration"); *Gucci Am. v. Duty Free Apparel, Ltd.*, 315 F. Supp. 2d 511, 520 (S.D.N.Y. 2004) (award supported by defendant's willfulness); *Capitol Records Inc. v. Thomas-Rasset*, 680 F. Supp. 2d 1045, 1048 (D. Minn. 2010) (smaller award granted because infringer was an individual consumer of illegally downloaded music for her personal use); *Webloyalty.com, Inc. v. Consumer Innovations, LLC*, 388 F. Supp. 2d 435, 443 (D. Del. 2005) (deterrence weighed heavily in awarding 25 times the statutory minimum and was a "reflection . . . that [defendant's] conduct was entirely unsupportable"); *RSO Records, Inc. v. Peri*, 596 F. Supp. 849, 862 (S.D.N.Y. 1984) (noting that Congress's provision

for increased statutory damages for willful infringement indicates statutory damages can exceed the amount of actual damages); *Holt's Co. v. Hoboken Cigars, LLC*, Civ. No. 09-3782 (WJM), 2010 WL 4687843, at *3–4 (D.N.J. Nov. 10, 2010) (awarding lower statutory damages because products not sold on the Internet); *Nike, Inc. v. E. Ports Custom Brokers, Inc.*, No. 2:11-cv-4390-CCC-MF, 2018 WL 3472628, at *14 (D.N.J. July 19, 2018) (statutory damages awarded motivated by the need to deter and defendant's willfulness); *see also Bly v. Vanbury Books, Inc.*, 638 F. Supp. 983, 987 (E.D. Pa. 1986) (plaintiff argued only for absolute maximum statutory damages).

New Bunren does not seriously contest New Balance's calculation of statutory damages other than summarily citing the cases referenced above. Indeed, it does not seriously dispute the number of goods on which the counterfeit marks were used (21), nor does it dispute the number of New Balance's marks that it counterfeited (4). As such, New Balance's request for $840,000 in statutory damages has not been reasonably challenged and should therefore be granted.[3]

**D.    New Balance is Entitled to Its Reasonable Attorneys' Fees and Costs.**

A case is exceptional under 15 U.S.C. § 1117(a) when either (1) it "stands out from others with respect to the substantive strength of the party's litigation position;" or (2) because of "the unreasonable manner in which the case was litigated." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 314 (3d Cir. 2014). Although New Balance argued in its opening brief that this case was exceptional under the first prong, New Bunren's Response—particularly its disregard of the Court's prior order and findings as well as its attempt to backtrack on its prior representations—demonstrates that New Balance is entitled to attorneys' fees under the second prong as well.

With respect to the first prong, New Bunren does little more than restate ad nauseum the same, previously-rejected argument about the lack of a sale or an offer for sale. As discussed in

---

[3] The absolute floor for statutory damages is $84,000, not $0—$1,000 per statutory violation (the minimum per-violation amount under 15 U.S.C. § 1117(c)(1)).

the summary judgment briefing, the Court's memorandum opinion, and the briefing on the motion for reconsideration, this claim is simply incorrect and belied by relevant legal authorities and the factual record—including New Bunren's own admissions.[4]  What little legal argument New Bunren does offer on the attorneys' fees issue is incorrect—New Balance has not "abandoned" its request for attorneys' fees under 15 U.S.C. § 1117(a).  (*See* D.I. 85 at 15–18 (explaining how this case is exceptional under § 1117(a))).  Courts routinely award attorneys' fees under § 1117(a) in conjunction with statutory damages under § 1117(c); the two are not mutually exclusive.  *Cartier Int'l AG v. Daniel Markus, Inc.*, Civil Action No. 10-1459 (JLL), 2011 WL 3881498, at *7 (D.N.J. Sept. 2, 2011); *Coach, Inc. v. Ocean Point Gifts*, Civil Action No. 09-4215 (JBS), 2010 WL 2521444, at *8 (D.N.J. June 14, 2010); *Coach, Inc. v. Paula's Store Sportwear LLC*, Civil Action No. 13-3263 (SRC), 2014 WL 347893, at *5 (D.N.J. Jan. 31, 2014).

Beyond this legal error, New Bunren's inability to rebut New Balance's arguments regarding the substantive weakness of its litigation positions throughout this case further demonstrates the indefensibility of those positions.  New Bunren did not even attempt to address the argument that its marks were virtually carbon-copies of New Balance's because it has no defensible response.  New Bunren did not cite any legal authority to support its claim that its USPTO registrations absolve it of counterfeiting liability because there is no authority.  And New Bunren's argument that it did not use the mark in commerce falls flat because its own admissions in its discovery responses and Statements of Use squarely contradict these contentions.  New

---

[4] Also supporting an award of attorneys' fees to New Balance due to the substantive weakness of New Bunren's arguments, New Bunren also appears to misunderstand the undisputed factual record in this case, repeatedly citing its own evidence and briefing rather than this Court's memorandum opinion determining which facts were undisputed.  (*See, e.g.*, D.I. 86 at 2–5 (describing the factual background without citing to the undisputed facts as determined by this Court); 10 (describing the factual record as "noted by the Court," but citing only to its own evidence and not the Court's opinion)).

Bunren's substantive legal positions have been objectively unreasonable, and New Balance is entitled to attorneys' fees on this basis alone.

New Bunren's opposition reveals that New Balance is also entitled to attorneys' fees under the second prong of *Fair Wind Sailing,* because it has litigated this case in an unreasonable manner. As discussed above, New Bunren suggests for the first time that its sworn Statements of Use were not accurate. (D.I. 86 at 3). If this representation is true, this would have significantly changed the way that New Balance litigated the case, including its fraud claim—a claim that New Balance voluntarily dismissed based on New Bunren's representations and admissions that its Statements of Use were accurate. If, on the other hand, the undisputed evidentiary record is true, these last-minute assertions raise serious ethical concerns with how New Bunren has defended against New Balance's requests. Either way, this statement alone shows that New Bunren has litigated this case in an unreasonable manner.

And there is more. For example, New Bunren wastes the Court's and New Balance's time by ignoring the Court's Order that the two issues to be addressed in this briefing are the *amount* of damages which New Balance is entitled to and whether New Balance is entitled to attorneys' fees. (D.I. 77 ¶ 6). The vast majority of New Bunren's argument is devoted to *whether* New Balance is entitled to statutory damages, an issue that has already been litigated and re-litigated in this case. (*See, e.g.*, D.I. 75, 76, 80, 81). New Bunren has litigated the case in an unreasonable manner, and as a result, New Balance is entitled to attorneys' fees and costs on this basis as well.

## II. CONCLUSION

For all of the foregoing reasons, New Balance respectfully requests that the Court enter an Order awarding to New Balance (1) $840,000 in statutory damages and (2) its attorneys' fees and costs.

Dated:  March 18, 2020

OF COUNSEL:

Thomas L. Holt *(PHV)*
Jeremy L. Buxbaum *(PHV)*
Perkins Coie LLP
131 South Dearborn Street, Suite 1700
Chicago, IL  60603-5559
Telephone:  312.324.8400
Facsimile:  312.324.9400
Email: THolt@perkinscoie.com
Email: JBuxbaum@perkinscoie.com

*/s/ Arthur G. Connolly III*
Arthur G. Connolly, III (#2667)
Ryan P. Newell (#4744)
Stephanie Smiertka Riley (#5803)
Connolly Gallagher LLP
1201 North Market Street
20th Floor
Wilmington, Delaware 19801
T: (302) 757-7300
F: (302) 757-7299
Email: aconnolly@connollygallagher.com
Email: rnewell@connollygallagher.com
Email: sriley@connollygallagher.com

*Attorneys for Plaintiff New Balance Athletics, Inc.*