IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NEW BALANCE ATHLETICS, INC.<br><br>   Plaintiff,<br><br>  v.<br><br>USA NEW BUNREN INTERNATIONAL<br>CO. LIMITED LLC<br><br>   Defendant. | Civil Action No.: 1:17-cv-1700-MN<br><br>Honorable Maryellen Noreika |

**NEW BALANCE'S SUPPLEMENTAL AUTHORITY ON THE
MEANING OF THE PHRASE "OFFERING FOR SALE"**

Pursuant to the Court's Oral Order of August 5, 2020 (D.I. 91), Plaintiff New Balance Athletics, Inc. ("New Balance") respectfully submits the following supplemental authority on the meaning of "offering for sale" in 15 U.S.C. § 1117(c). New Balance conducted extensive searches of case law, the legislative history of the Lanham Act, leading treatises on trademark law— including McCarthy on Trademarks and Unfair Competition (5th ed. 2020) and Callmann on Unfair Competition, Trademarks and Monopolies (4th ed. 2020)—law review articles and other secondary sources, the internet, among other resources. New Balance did not identify any notable legal definition or interpretation of the phrase "offering for sale" as used in 15 U.S.C. § 1117(c) or 15 U.S.C. § 1114(1)(a) in any of these resources, and it appears that that phrase is taken to have the ordinary meaning of its terms in English, *i.e.*, something is "offered for sale" when it is made available for purchase.[1]

---

[1] Although the phrase "on sale" arises in the context of a statutory "on-sale bar" in patent law, the analysis of that concept is grounded in traditional contract law, and therefore provides no further elucidation of the concept of "offering for sale" in the context of the Lanham Act. And indeed, New Balance is unaware of any cases in which a court analyzed the "on-sale bar" in patent law to interpret the "offering for sale" concept in the context of a Lanham Act claim. For this reason, New Balance has not provided any case law from the patent context in this submission.

New Balance identified the following few cases and other resources that briefly mention and/or discuss the phrase "offering for sale" in connection with 15 U.S.C. § 1117(c), 15 U.S.C. § 1114(1)(a), and analogous contexts:

- *Lorillard Tobacco Co. v. J&H Mini Mart, Inc.*, No. 10-cv-13937, 2011 WL 13217824, at *3 (E.D. Mich. Oct. 27, 2011) (interpreting 15 U.S.C. § 1114(1) and holding that "to establish that a mark was *offered* for sale does not require evidence of an *actual* sale," and an offer for sale may be shown where the infringing products were "*displayed to customers*") (emphasis in original).

- *Am. Registry of Radiologic Technologists v. Garza*, 512 F. Supp. 2d 902, 909 (S.D. Tex. 2007).  In this case, the court undertook an intensive statutory interpretation of 15 U.S.C. § 1114(1)(a) to determine whether the plaintiff had established a cause of action for trademark infringement.  In so doing, the court noted that "[Section 1114(1)(a)] unambiguously states the requirements that must be shown for a cause of action for trademark infringement . . . [including] in connection with the sale, offering for sale, distribution, or advertising [] of any goods or services . . . ." *Id.* 909.  The court held that there was "no ambiguity in any of these requirements," and "the text of the statute consists of simple, ordinary diction, and, unless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning at the time Congress enacted the statute." *Id.*

- *Chloe SAS v. Sawabeh Information Servs. Co.*, No. CV 11-04147 GAF (MANx), 2014 WL 4402218, at *6-8 (C.D. Cal. Sept. 5, 2014).  To aid the court in determining the number of infringements for which defendants were contributorily liable in an online counterfeiting case, plaintiff submitted numerous screenshots of the products offered for sale on defendants' website. *See, e.g.*, *id.* at D.I. 739-1,

739-2 (C.D. Cal. July 26, 2014). The court held that "an offer to sell counterfeit goods without more will suffice to establish liability under the Lanham Act," and that "[u]sing the stylized version of the [trademark at issue] in a sale picture qualifies as using a protected mark 'in connection with' an offer to sell" for a number of the screenshots submitted by plaintiff where many of the website screenshots lacked price terms and the only way to purchase the product was to contact the seller via email. *Id.* at *6, 8, D.I. 739-1, 739-2.

- *Playboy Enterprises Inc. v. Hsin I. Chen*, No. CV 96-3417 DDP (VAPx), 1997 WL 829339, at *9 (C.D. Cal. Oct. 1, 1997) (holding that an offer for sale was established based on distribution of a catalog containing counterfeit product).

- *High Point Design, LLC v. LM Ins. Corp.*, 911 F.3d 89, 95-96 (2d Cir. 2018). In determining whether trade dress infringement allegations in a complaint filed against plaintiff triggered insurance coverage under plaintiff's policy, the court interpreted the phrase "offer for sale" in the insurance contract broadly to include "advertising activity" reasoning that "the purpose of most advertising is to 'offer for sale' various goods and services." In Judge Newman's concurrence, agreeing with the outcome, he interprets the term "offer for sale" in an even more straightforward manner: "'Offering for sale' is simply the act of making a product available for sale." *Id.* at 102 (Newman, J. concurring).

New Balance has limited this submission to the authorities that it was able to identify after an extensive search. Given the Court's limited request in this regard, New Balance has not offered further discussion or argument regarding how New Bunren's activities, promotional materials, and related sworn statements and admissions constitute an "offer for sale" under 15 U.S.C. § 1117(c)

- 4 -

since this evidence was discussed at length in New Balance's prior submissions.  New Balance would gladly provide further discussion and argument should the Court so order.

| | |
|---|---|
| Dated:  August 14, 2020 | Respectfully submitted, |
| OF COUNSEL: | */s/ Arthur G. Connolly, III* |
| | Arthur G. Connolly, III (#2667) |
| Thomas L. Holt *(PHV)* | Stephanie Smiertka Riley (#5803) |
| Jeremy L. Buxbaum *(PHV)* | Connolly Gallagher LLP |
| Perkins Coie LLP | 1201 North Market Street, 20th Floor |
| 131 South Dearborn Street, Suite 1700 | Wilmington, Delaware 19801 |
| Chicago, IL  60603-5559 | T: (302) 757-7300 |
| Telephone:  312.324.8400 | F: (302) 757-7299 |
| Facsimile:  312.324.9400 | Email: aconnolly@connollygallagher.com |
| Email: THolt@perkinscoie.com | Email: sriley@connollygallagher.com |
| Email: JBuxbaum@perkinscoie.com | |
| | ***Attorneys for Plaintiff*** |
| | ***New Balance Athletics, Inc.*** |