IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NEW BALANCE ATHLETICS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 17-1700 (MN) |
| ) | |
| USA NEW BUNREN INTERNATIONAL ) | |
| CO. LIMITED LLC, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM ORDER**

At Wilmington, this 18th day of September 2020:

On December 4, 2019, the Court issued a Memorandum Opinion and Order ("the Opinion") ruling on cross-motions for summary judgment filed by Plaintiff New Balance Athletics, Inc. ("New Balance") and Defendant USA New Bunren International Co. Limited LLC ("New Bunren"). (D.I. 73, 74). Currently pending before the Court is New Bunren's motion for partial reconsideration of that Opinion. (D.I. 75). Specifically, New Bunren contends that the Court committed clear error in concluding that New Balance is entitled to statutory damages under 15 U.S.C. § 1117(c) of the Lanham Act, because promotion and advertising do not satisfy the statutory requirement that the marks be used in connection with "the sale, offering for sale, or distribution of goods and services." (D.I. 76 at 5 (quoting 15 U.S.C. § 1117(c)).

**I.   STANDARD OF REVIEW**

A motion for reargument under Local Rule 7.1.5 is the "functional equivalent" of a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e).  *See Jones v. Pittsburgh Nat'l Corp.*, 899 F.2d 1350, 1352 (3d Cir. 1990). "The standard for obtaining relief under Rule 59(e) is difficult to meet."  *Butamax Advanced Biofuels LLC v. Gevo Inc.*, Civ. No. 12-1036-SLR, 2015 WL

4919975, at *1 (D. Del. Aug. 18, 2015); *see also* L.R. 7.1.5 ("Motions for reargument shall be sparingly granted."). A court should exercise its discretion to alter or amend its judgment only if the movant demonstrates one of the following: (1) a change in the controlling law; (2) a need to correct a clear error of law or fact or to prevent manifest injustice; or (3) availability of new evidence not available when the judgment was granted. *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

## II. DISCUSSION

In the Opinion, the Court found that New Bunren was liable for trademark infringement under § 1114, false designation of origin under § 1125(a), and federal trademark dilution under § 1125(c). (D.I. 73 at 5-6). All three statutes require that the accused marks be used "in commerce."[1] New Bunren used the marks "in commerce" by advertising and promoting goods bearing the accused marks. (D.I. 73 at 7-9). The Court also found New Bunren liable for statutory damages under § 1117(c). (*Id*. at 24). A defendant is liable for statutory damages under § 1117(c) when it uses a "counterfeit mark" in connection with "the sale, offering for sale, or distribution of goods or services." 15 U.S.C. § 1117(c).

---

[1] Trademark infringement requires a defendant to "use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion" 15 U.S.C. § 1114(1)(a). False designation of origin requires a defendant to use "in commerce" a mark that: (i) "is likely to cause confusion . . . as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person;" or (ii) "in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities." 15 U.S.C. § 1125(a). Trademark dilution requires a defendant to "use . . . a mark or trade name in commerce that is likely to cause dilution by blurring or dilution by tarnishment of the famous mark." 15 U.S.C. § 1125(c).

Relevant here, New Bunren argued on summary judgement that it was not liable for statutory damages because "no such sale, offer for sale, or distribution took place." (*See* D.I. 53 at 10; D.I. 63 at 15; D.I. 67 at 9). In other words, New Bunren asserted that its actions did not fit within the meaning of "sale, offer for sale, or distribution" as a matter of law. To explain why, New Bunren directed the Court to its arguments for no liability under §§ 1114 and 1125. (*See* D.I. 53 at 10 ("As discussed extensively above, no such sale, offer for sale, or distribution took place"); D.I. 63 at 15 (same); D.I. 67 at 9 ("[f]or the reasons discussed above . . . Plaintiff is not entitled to . . . statutory damages.")).

After previously directing the Court to look to its arguments on §§ 1114 and 1125 to determine whether its actions also create liability under § 1117(c), New Bunren now argues that the Court cannot rely on the activities that created liability under §§ 1114 and 1125 to find liability for statutory damages under § 1117(c). (D.I. 76 at 6). Specifically, New Bunren contends that the advertising and promotion which qualifies as use "in commerce" under §§ 1114 and 1125 does not also qualify as "offering for sale" under § 1117(c).[2] (*Id*. at 5-6). A motion for reargument, however, "may not be used 'as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided.'" *Butamax*, 2015 WL 4919975, at *1 (quoting *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990)); *A.K. Stamping Co. v. Instrument Specialties Co*., 106 F. Supp. 2d 627, 665 (D.N.J. 2000) ("[A] motion for

---

[2] Notably, New Bunren has not cited any case in which a court construed the phrase "offering for sale" in § 1117(c) as excluding advertising and promotion. (*See* D.I. 92 at 1 ("Defendant USA New Bunren International Co. Limited LLC states that it has been unable to locate any cases, statutes, or treaties that specifically defined the term "offering for sale" as used in the context of 15 U.S.C. § 1117(c)."). If the issue is a novel one, it is difficult to conclude that a court's ruling is clear error. *See Lin v. Rohm & Haas Co*., No. 2:11-cv-3158-WY, 2014 WL 3509982, at *2 (E.D. Pa. July 16, 2014) (finding no clear error where there was no binding precedent on point).

3

reargument or reconsideration does not offer losing litigants a second bite at the apple."). Accordingly, New Bunren's motion for reargument is denied.

### III. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that New Bunren's Motion for Partial Reconsideration Pursuant to Fed. R. Civ. P. 59(e) (D.I. 75) is DENIED.

*Maryellen Noreika*
The Honorable Maryellen Noreika
United States District Judge

4